UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :

AMY R. GURVEY                      :

                     :
                 Plaintiff,      :
           v.                      :    06 Civ. 1202
                                   :    **Opinion & Order**
COWAN, LIEBOWITZ & LATMAN, PC.,   :
CLEAR CHANNEL COMMUNICATIONS, INC., :
INSTANTLIVE CONCERTS, LLC, LIVE     :
NATION, INC., NEXTICKETING, INC.    :
DALE HEAD, STEVE SIMON, and DOES    :
I-VIII, INCLUSIVE,               :
                 Defendants.    :
                                   :
-----------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/09

     Defendants Clear Channel Communications, Inc. ("Clear Channel") and Live

Nation, Inc. ("Live Nation") move to dismiss Plaintiff Amy Gurvey's claims against

them for lack of personal jurisdiction. That motion is GRANTED.

**BACKGROUND**

     Plaintiff, in its Third Amended Complaint ("TAC"), has brought seven claims

against Clear Channel, Live Nation, and various other Defendants. Plaintiff alleges that

the law firm Cowan, Liebowitz and Latman, P.C. learned of Plaintiff's (it's client's)

proprietary technology and confidential business models and then improperly and

illegally misappropriated them to Clear Channel (another client). (TAC 2, 34-41.)

Plaintiff alleges that Defendant Clear Channel then used and advertised as its own

Gurvey's confidential business model's, creating defendants Instant Live, Next Ticketing

and Live Nation for such purposes. (TAC 52-57, 78.)  Plaintiff alleges also that Clear

1

Channel used its monopoly power to exclude competitors, including plaintiff, from entering the relevant market. (TAC 70.)

Plaintiff brings claims under the Sherman and Lanham Acts, as well as claims of misappropriation of ideas, labor or skill, interference with prospective economic relations, unjust enrichment, and accounting.  Defendants Clear Channel and Live Nation move to dismiss for lack of personal jurisdiction.  That motion is GRANTED.

**DISCUSSION**

Defendant Clear Channel is a corporation formed under the laws of Texas, with its principal place of business in Texas.  Defendant Live Nation is organized under the laws of Delaware, with its principal place of business in California.  Both Defendants are holding companies whose sole purpose is to hold stock in subsidiaries and other companies.

At this point, there has been no evidentiary hearing concerning personal jurisdiction over the Defendants. Prior to such a hearing, "the plaintiff need only make a prima facie showing of jurisdiction, and "all pleadings and affidavits must be construed in the light most favorable to [the plaintiff] and all doubts must be resolved in the [plaintiff's] favor." Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990).  Even under this standard, the TAC inadequately pleads a basis for asserting personal jurisdiction over Clear Channel and Live Nation.

**I. General Jurisdiction**

The TAC proposes various grounds under CPLR 301 for asserting general personal jurisdiction over Defendants Clear Channel and Live Nation, but offers only vague factual assertions in arguing how those theories should be applied to Defendants.

2

The TAC further fails to distinguish between the activities of the holding companies and those of the subsidiaries, or to establish a ground for imputing subsidiary activities to the holding company for purposes of personal jurisdiction.

*(i) Licensed to do Business in New York*

Under CPLR 301, courts may exercise general jurisdiction over a foreign company where that company is licensed to do business in New York. In her Opposition to this Motion to Dismiss, Plaintiff states that the moving Defendant is a "licensed foreign corporation," and points to an information sheet found on the New York Department of State's website (Exhibit A, Ciccia Declaration, Plaintiff's Response). That information sheet, however, fails to support Plaintiff's argument---it lists a "Clear Channel Communications Inc." as a "domestic business corporation," rather than a licensed foreign corporation. Where the parties do not dispute that the moving Defendant---"Clear Channel Communications, Inc." (with a comma)---was formed under the laws of Texas, it appears that Plaintiff has provided in Exhibit A information concerning some other entity. According to the Declaration of Hamlet T. Newsom, Jr. in support of Clear Channel's Motion to Dismiss, Clear Channel Communications, Inc. is not registered to do business in New York. (Hamlet Declaration, at para. 7.)

*(ii) "Simple and Pragmatic"*

Under CPLR 301, courts may also exercise general jurisdiction under what parties have referred to as the "simple and pragmatic" test, which examines several indicia, including: (1) the existence of an office in New York; (2) the solicitation of business in New York; (3) the presence of bank accounts or other property in New York; and (4) the presence of employees or agents in New York. Indemnity Ins. Co. of N.Am. v. K-Line

Am., Inc., 2007 WL 1732435 (S.D.N.Y. 2007). Although Plaintiff recites these factors, it has not alleged their existence in this case. What facts it does offer on this count do not appear to relate to the holding companies, but again to the subsidiaries. Personal jurisdiction on this ground, therefore, is improper.

*(iii) Activities of the Subsidiary*

Under CPLR 301, personal jurisdiction over a parent or holding company may be established by the activities of and relations to subsidiary companies. However, the presence of a subsidiary in New York alone is not enough to establish the parent's presence in the state. Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117, 120 (2d Cir. 1984); SEB S.A. v. Montgomery Ward & Co., Inc., No. 99 Civ. 9284, 2002 WL 31175244, at *3 (S.D.N.Y. Sept. 30, 2002). For New York courts to exercise jurisdiction in this situation, the subsidiary must be either a "mere department" or an agent of the foreign parent. Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998).

*(a) "Mere Department" Theory*

Plaintiff argues that personal jurisdiction should be asserted over Defendant Clear Channel (and potentially Defendant Live Nation, if jurisdictional discovery were granted) based upon the "mere department" theory.

In conducting the "mere department" analysis, New York courts examine (1) common ownership (2) the financial dependency of the subsidiary; (3) interference in the selection of the subsidiary's executive personnel and failure to observe corporate formalities; and (4) control over the subsidiary's marketing and operational policies. Beech Aircraft, 751 F.2d at 120-22 ("New York courts regard one factor as

4

essential…and three others as important. The essential factor is common ownership.") ("[N]early identical ownership interests must exist before one corporation can be considered a department of another corporation for jurisdictional purposes."); Stratagem Dev. Corp. v. Heron Int'l N.V., 153 F.R.D. 535, 546 (S.D.N.Y. 1994).

A simple business relationship is insufficient to impute jurisdiction. Beech Aircraft, 751 F.2d at 120 ("[T]he presence of a local corporation does not create jurisdiction over a related, but independently managed, foreign corporation."); Delagi v. Volkswagenwerk A.G., 29 N.Y.2d 426, 432 (N.Y. 1972) ("The control over the subsidiary's activities… must be so complete that the subsidiary is, in fact, merely a department of the parent."). A corporate entity is a "mere department" of a parent company where the parent's control is pervasive enough that the corporate separation is "more formal than real." Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG, 160 F. Supp. 2d 722, 734 (S.D.N.Y. 2001).

In her Opposition to Defendants' Motion to Dismiss, Plaintiff attempts to provide some basis for finding that Clear Channel may be subject to personal jurisdiction under the "mere department" theory, excerpting a 2004 decision by a District Court in Colorado. That Court listed several factors that influenced its determination that, in that case, Clear Channel dominated various subsidiaries (though Plaintiff does not appear to allege that those are the same subsidiaries at issue in this case). Plaintiff then asserts in a footnote that, based on general statements taken from various Forms 10-K, the entities here may currently share some officers, and that there is reason to believe that the circumstances described by the District Court in Colorado have not changed. (Opp'n at 5-6, fn.9.) Such broad assertions are inadequate even at this stage and provide no basis for

5

determining that the corporate form between Clear Channel and the relevant subsidiary entities is "more formal than real." Id.. In order to plead prima facie personal jurisdiction, the allegations in the TAC itself must discuss the actual entities in question here---Clear Channel, Live Nation, and their subsidiaries operating in New York---and allege that the relations between them amount to complete control under common ownership.  Absent such pleadings, this Court has no basis to assert personal jurisdiction over Clear Channel under the "mere department" theory.

As pertains to Live Nation, Inc., Plaintiff acknowledges in her Opposition that she has insufficiently pled the basis for a "mere department" theory of general jurisdiction, but asks the Court for leave to engage in jurisdiction discovery. (Opp'n, 7.)  Plaintiff has made few, if any, allegations concerning the factors described in Beech Aircraft.  Even at this stage, Plaintiff has made an inadequate effort to describe the activities of the holding company or its relations to the other entities in question here.  Because the TAC does not include allegations establishing even prima facie personal jurisdiction, this Court has no reason to ignore the corporate form between the entities and need not order discovery on the issue.

*(b) Agency Theory*

Plaintiff also argues that the holding companies, specifically Live Nation, may be subject to personal jurisdiction under an agency theory.  A subsidiary is considered an agent of the parent corporation if it "renders services that go beyond mere solicitation and are sufficiently important to the foreign [parent] entity that the corporation itself would perform equivalent services if no agent were available." Wiwa v. Royal Dutch Petroleum, 226 F.3d 88, 95 (2d Cir. 2000).  One indicator of agency is whether the parent would be

6

obliged to enter the market directly if the subsidiary was absent because the market is too important to the parent's welfare.  Ginsberg v. Gov't Props Trust, Inc., No. 07 Civ. 365, 2007 WL 2981683, at *7 (S.D.N.Y. Oct. 10, 2007)

Plaintiff cites statements made in Defendants' Forms 10-K describing the business activities of various subsidiaries, including those located in New York.  The conclusion Plaintiff hopes to derive from these forms, however, is not apparent to this Court.  Plaintiff, in her Opposition to this motion, states that if Defendant, "is really a holding company, then the business it says, in its 10-K, it conducts must necessarily be conducted by…subsidiaries." (Opp'n at 4).  However, this is not a necessary conclusion under New York law, and more is required to establish personal jurisdiction under an agency theory.

New York courts examining agency look to whether the subsidiaries are carrying out their own business or that of the parent. The situation of holding companies and subsidiary entities has been discussed:  "Where a holding company is nothing more than an investment mechanism [-- ] a device for diversifying risk through corporate acquisitions [-- ] the subsidiaries conduct business not as its agents but as its investments. The business of the parent is the business of investment, and that business is carried out at the parent level. Where, on the other hand, the subsidiaries are created by the parent, for tax or corporate finance purposes, to carry on business on its behalf, there is no basis for distinguishing between the business of the parent and the business of the subsidiaries." Bellomo v. Penn. Life Co., 488 F. Supp. 744, 746 (D.C.N.Y. 1980); see also Porter v. LSB Indus., Inc., 192 A.D.2d 205, 214-15 (N.Y. App. Div. 4th Dep't 1993) (defendant "is a holding company whose business is investment, which differs from the

7

business of Summit [the subsidiary], which is distribution of machine tools. The business of the parent is carried out entirely at the parent level, and Summit cannot be deemed to be conducting the parent's business as its agent."); Ginsberg, 2007 WL 2981683, at *7 The type of conclusory pleading found in the TAC does not adequately allege an agency relationship and do not justify setting aside the corporate forms separating the entities in question. Insight Data Corp. v. First Bank Sys., No. 97 Civ. 4896, 1998 WL 146689, at *16 (S.D.N.Y. Mar. 25, 1998) ("Conclusory allegation of an agency relationship...are insufficient to make out a prima facie showing of personal jurisdiction...under § 301."). The Complaint therefore does not allege grounds for the Court to assert personal jurisdiction over Clear Channel or Live Nation.

**II. Specific Jurisdiction**

Plaintiff has also failed to allege facts concerning Clear Channel's or Live Natin's "transact[ion] [of] business within the state."  As described above, Plaintiff has made very little effort to distinguish between the activities of the holding company and those of the subsidiaries and has failed to demonstrate agency or other justification for ignoring the corporate forms between entities.  Plaintiff's allegations, therefore, concerning business transactions within New York do not link the operative facts of this case to the holding companies themselves.

The allegations as to specific jurisdiction are insufficient to establish a basis for exercising specific jurisdiction over Clear Channel of Live Nation.


**CONCLUSION**

Defendants Clear Channel Communications, Inc. and Live Nation, Inc. motion to dismiss for lack of personal jurisdiction is hereby GRANTED. The Clerk of the Court is directed to terminate the following motion: Case No. 06 Civ. 1202, docket entry 51.

**SO ORDERED:**

**Barbara S. Jones**
**UNITED STATES DISTRICT JUDGE**

Dated:      New York, New York
            March 16, 2009