AMY R. GURVEY, PRO SE
LIVE-FI ™ Technologies, LLC (The real party in interest assigned Gurvey's issued US Patents)
Plaintiffs
315 Highland Avenue
Upper Montclair, NJ 07043
(917) 733-9981

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/10

------------------------------------X

AMY R. GURVEY,

(and LIVE-FI™ TECHNOLOGIES, LCC
as the real party-in-interest assigned
Gurvey's US patents),

SECOND CIR. CASE NO. 09-2185
[06-CV-1202 (BSJ) (SDNY)]

Plaintiffs,

-against-

NOTICE OF APPEAL

COWAN, LIEBOWITZ & LATMAN, PC;
CLEAR CHANNEL COMMUNICATIONS, INC.,
LIVE NATION, INC., INSTANT LIVE CONCERTS, LLC;
NEXT TICKETING, et al.,

Defendants.

------------------------------------X

    PLEASE TAKE NOTICE that Plaintiff Pro Se Amy R. Gurvey hereby appeals the decision and order of SDNY issued September 20, 2010 denying Plaintiff's motion for reconsideration filed May, 2009 to the decision and order of SDNY issued April 24, 2009 and entered April 27, 2009 and from the whole and every part thereof.

Respectfully submitted,

Amy R. Gurvey, PRO SE Inventor

Dated: September 23, 2010

cc: Hinshaw & Culbertson  Attn: Richard Supple, Esq.
Atty. for Cowan Liebowitz & Latman Defendants
Baker Botts, LLP Steven Schortgen, Esq./Jonathan Rubenstein, Esq./Eric Roman, Esq./Ian Hummel, Esq.
Attorneys for Clear Channel/Live Nation Defendants

Case 1:06-cv-01202-BSJ-THK   Document 80   Filed 09/26/10   Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
AMY R. GURVEY, :
:
          Plaintiff, :
:
                            06 Civ. 1202
                            (BSJ)(THK)
   v. :
:
:   Order
:
COWAN, LIEBOWITZ & LATMAN, PC, CLEAR :
CHANNEL COMMUNICATIONS, INC., LIVE :
NATION, INC., INSTANT LIVE CONCERTS, :
LLC, NEXTICKETING, INC., WILLIAM :
BORCHARD, MIDGE HYMAN, BAILA CELEDONIA, :
CHRISTOPHER JENSEN, DALE HEAD, STEVE :
SIMON, MICHAEL GORDON, and SUSAN :
SCHICK, :
:
          Defendants. :
------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

     Plaintiff Amy R. Gurvey moves for re-argument and reconsideration of the Court's April 24, 2009 order. Plaintiff argues, first, that the Court overlooked the fact that Plaintiff's original complaint was filed in February 2006, which, based on the accrual date of May 2003, was within the three year statute of limitations period. Plaintiff never argued during the motion to dismiss briefing, however, that the original complaint should serve as the operative pleading for purposes of the statute of limitations.[1] Because a motion for

---

[1] Because Plaintiff never argued that the original complaint should serve as the operative pleading for purposes of the statute of limitations, the Court specifically noted in the April 24, 2009 order that Plaintiff "failed to

Case 1:06-cv-01202-BSJ-THK   Document 80   Filed 09/20/10   Page 2 of 4

reconsideration "'cannot assert new arguments . . . which were not before the court on the original motion,'" this argument does not warrant reconsideration. See, e.g., Chenensky v. New York Life Ins. Co., No. 07 Civ. 11504(WHP), 2010 WL 2710586, at *1 (S.D.N.Y. June 24, 2010) (citations omitted).

Plaintiff contends, second, that the Court misapprehended Plaintiff's allegations regarding the accrual date of her claims for misappropriation and unfair competition. Plaintiff claims that her third amended complaint included factual allegations that the named partners from Cowan, Liebowitz & Latman, PC ("CLL") shared Plaintiff's trade secrets with Clear Channel, who used Plaintiff's trade secrets no earlier than in the fall of 2005. But, as the April 24, 2009 order explains, Plaintiff's third amended complaint describes "a misappropriation that occurred and was disclosed some time between . . . early 2002 and . . . May 5, 2003." (April 24, 2009 order, at 5.) Because a defendant "'becomes liable . . . upon disclosure,'" see Architectronics, Inc. v. Control Sys., Inc., 935 F. Supp. 425, 433 (S.D.N.Y. 1996) (citation omitted), the Court found that May 5, 2003 was the accrual date for Plaintiff's misappropriation and unfair competition claims. Plaintiff has pointed to no new information that the Court overlooked that

---

establish that the earlier Complaint should operate to bring these claims against these Defendants within the applicable period." (April 24, 2009 order, at 5 n.6.)

2

warrants altering the April 24, 2009 order. See, e.g., Chenensky, 2010 WL 2710586, at *1 (citation omitted). Accordingly, Plaintiff's second argument also does not warrant reconsideration.

Plaintiff's final argument is that the Court overlooked well pleaded allegations of acts constituting legal malpractice and breach of fiduciary duty, and Plaintiff's description of damages and causation. Plaintiff merely reasserts, however, that CLL committed legal malpractice and breached its fiduciary duty by misappropriating Plaintiff's trade secrets to Clear Channel, by failing to properly advise her, and by having an improper conflict of interest that damaged Plaintiff. The Court considered and rejected these allegations in the April 24, 2009 order. Plaintiff also fails to offer any new authority or data that the Court overlooked regarding Plaintiff's description of damages and causation that warrants altering the April 24, 2009 order. See, e.g., id. (citation omitted). Thus, Plaintiff's third argument also does not support reconsideration.

For the reasons provided above, Plaintiff's motion for re-argument and reconsideration (Dkt. 68) is DENIED.

SO ORDERED:

*[signature]*
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         September 20, 2010

4