
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| AMY R. GURVEY, | **MEMORANDUM OF LAW** |
| Plaintiff, | Case No. 1:06-cv-01202 (BSJ/HBP) |
| v. | ECF CASE |
| WILLIAM BORCHARD, MIDGE HYMAN, BAILA CELEDONIA, CHRISTOPHER JENSEN, COWAN, LIEBOWITZ & LATMAN, PC, CLEAR CHANNEL COMMUNICATIONS, INC., INSTANTLIVE CONCERTS, LLC, LIVE NATION, INC., NEXTICKETING, LLC, DALE HEAD, STEVE SIMON, MICHAEL GORDON and SUSAN SCHICK, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

Dated: Albany, New York
        February 22, 2013

Michael A. Berlin, Esq.
54 State Street, 6th Floor
Albany, New York 12207
Tel. (518) 689-1400

*Counsel for Defendants*

ALB 1665201v1

Defendants, Michael Gordon and Susan Gordon[1] (the "Moving Defendants"), by their attorneys, Greenberg Traurig, LLP, respectfully submit this memorandum of law in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 4(m), 12(b)(2), 12(b)(5) and 12(b)(6).

## PRELIMINARY STATEMENT

Nearly seven years ago, Plaintiff commenced this lawsuit against the thirteen captioned defendants seeking relief for a host of claims including misappropriation of trade secrets, fraud, breach of fiduciary duty against her attorney, Cowan, Liebowitz & Latman LLC ("Cowan"),[2] tortious interference with a contract, tortious interference with prospective economic relations, attorney malpractice, violations of Section 2 of the Sherman Act, violations of state antitrust laws, and violations of the Lanham Act.

During her prosecution of the litigation, Plaintiff made dozens of filings, as well as appealing the matter to the United States Court of Appeals for the Second Circuit after this Court dismissed the action. Plaintiff, despite these actions, never served either of the Moving Defendants with the Complaint or any of the papers in this lawsuit. In fact, the first contact made from Plaintiff to the Moving Defendants occurred only in November of last year, almost seven years after the initial filing, when she sent Plaintiff's Initial Disclosures and Plaintiff's First Request to Defendants to Produce Documents and Interrogatories to both Moving Defendants. Following the receipt of these documents, the Moving Defendants, through counsel, contacted Plaintiff by letter and informed her that, among other reasons, due to a lack of any prior service, they were not properly defendants. Plaintiff was accordingly asked to withdraw

---

[1] Subsequent to the filing of this lawsuit, Susan Gordon, formally Susan Schick, had her name legally changed.
[2] Defendant Susan Gordon was an associate attorney at Cowan from 2000 through 2004.

the requests. Berlin Decl. Exhibit A. In a telephone conversation, shortly thereafter, Plaintiff refused thereby necessitating this Motion. *Id*., Exhibit B.

Accordingly, Michael Gordon and Susan Gordon now move pursuant to Fed. R. Civ. P. 4(m), 12(b)(2), 12(b)(4) and 12(b)(5), for dismissal of the Complaint in its entirety. The primary factual grounds for the dismissal is that, as stated above and confirmed through a review of the docket, while Plaintiff has actively litigated her claims, she has failed to serve the Moving Defendants. Additionally, it would be grossly unfair for the Court to allow the Plaintiff, seven years after the initiation of the suit to allow service to occur as Moving Defendants have had no opportunity to participate in the lawsuit and all of its many legal issues. Further, to the extent there were some "good cause" to allow service, all of the claims are barred by the statute of limitations, making any service a nullity. Finally, as to Michael Gordon, any claim that properly existed was already dismissed by this Court and upheld by the Court of Appeals. The mere fact that Plaintiff has chosen to group him with the Cowan Defendants for the purpose of the pleading cannot sustain an argument that Mr. Gordon, a non-lawyer with no relationship to Plaintiff, remains in this matter for which the only remaining claims are attorney malpractice and breach of fiduciary duty.

## STATEMENT OF FACTS

The facts relevant to this procedural motion are few and indisputable. Plaintiff commenced the instant action by the filing of a Complaint in this Court on February 15, 2006. (Dkt. No. 1) Plaintiff amended the Complaint for the first time only a short time later on June 5, 2006 (Dkt. no. 3), and then retained attorney Olimpio Lee Squitieri on April 4, 2007 (Dkt. No. 28). Prior to retaining her attorney, Plaintiff filed a motion requesting leave to submit a Second Amended Complaint on October 6, 2006 (Dkt. No. 20). Then, on August 6, 2007, Plaintiff filed

another motion requesting leave to file a Third Amended Complaint (Dkt. Nos. 30-32).[3]  The Moving Defendants have never been served with any version of the Complaint.  The only document received by the Moving Defendants in this lawsuit was a copy of Plaintiff's Initial Disclosures and Plaintiff's First Request to Defendants to Produce Documents and Interrogatories, received on or around November 14, 2012.  M. Gordon Aff. ¶¶ 4-5; S. Gordon Aff. ¶¶ 3-4.

By Opinion and Order entered on April 24, 2009, United States District Judge Barbara S. Jones granted various other defendants' motions to dismiss for lack of personal jurisdiction. (Dkt. No. 66)  Plaintiff then filed a Notice of Appeal to the Second Circuit Court of Appeals (the "Court of Appeals"), on May 22, 2009 (Dkt. No. 71), and her attorney filed a motion to withdraw from the case (Dkt. No. 75).[4]  By Order, Judgment and Decree, dated February 10, 2012 (the "Appellate Decision"), the Court of Appeals affirmed in part, and vacated and remanded in part the District Court's April 24, 2009 Order dismissing the Complaint.  *See* Berlin Dec. Exhibit A.

The only claims remaining in the Third Amended Complaint following the Appellate Decision are for attorney malpractice and breach of fiduciary duty.  (*See Id*.)  The Appellate Decision, and Magistrate Judge Henry B. Pitman's June 11, 2012 Text Order (Dkt. no. 103), make clear that all other claims and all non-attorney defendants have been dismissed from the lawsuit.

---

[3] While Plaintiff has since filed a Fourth and Fifth Amended Complaint, the Third Amended Complaint is the operative pleading. [*See generally*, Dkt.]
[4] Plaintiff's attorney's motion was granted on September 21, 2010. [Dkt. No. 81]

# ARGUMENT

I.   **THE COURT LACKS JURISDICTION OVER THE MOVING DEFENDANTS**

   A.   <u>Plaintiff Failed to Comply With Rule 4(m) of the Federal Rules of Civil Procedure</u>.

Plaintiff's failure to serve the Complaint, attempt service, or even request an extension of time to do so, requires dismissal of the Moving Defendants from this lawsuit.  Rule 4(m) "governs both (1) the dismissal of actions for untimely service of process and (2) extensions of the time in which service may be effected." *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007).  Specifically, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The purpose of this Rule is to promote "diligent prosecution of civil cases." *National Union Fire Ins. Co. v. Sun,* No. 93 Civ. 7170, 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994). "The Second Circuit has held that dismissal is mandatory when a party is not served within the 120–day time limit and where there is no showing of good cause*.*" *Sunniland Fruit Co., Inc. v PMI Produce Corp., Inc.*, 00 CIV. 8410 (SAS), 2001 WL 761174 (SDNY July 6, 2001); *see also Ogbo v. New York State Dept. of Taxation and Fin.,* No. 99 Civ. 9387, 2000 WL 1273840, at *2 (S.D.N.Y. Sept. 6, 2000) (*citing Zankel v. United States,* 921 F.2d 432, 436 (2d Cir.1990)). "Good cause" is not defined, but attorney neglect or error does not meet this standard. *See McGregor v. United States*, 933 F.2d 156, 160 (2d Cir. 1991) (construing Rule 4(j), Fed. R. Civ. P., before its amendment in 1993).  While it is true that a district court may grant an extension of the service period absent a showing of the requisite good cause, a plaintiff must "ordinarily

advance some colorable excuse for the neglect," including *a demonstration that an effort was made to effect service and that a request for an extension of time was made during the 120-day period*. Zapata v. City of New York, 502 F.3d 192, 197-98 (2d Cir. 2007) (citation omitted) (emphasis added).

Since this action was filed on February 15, 2006, the time to serve the Moving Defendants expired on June 15, 2006. To date, nearly seven years after the commencement of this lawsuit, Plaintiff has neither served the Moving Defendants nor requested an extension of time to do so. Clearly, good cause is not present for the Court to grant an extension of time to serve the Moving Defendants. In addition to not having served the Complaint in nearly seven years, Plaintiff has failed to serve dozens of filings with this Court and the Second Circuit, thereby effectively prohibiting Moving Defendants' participation in this matter and the protection of their rights. Accordingly, the Moving Defendants must be dismissed from the Third Amended Complaint.

B.   The Statute of Limitations Has Expired.

To the extent that the Court could somehow allow Plaintiff, nearly seven years after the deadline, to perfect service, any claim of attorney malpractice or breach of fiduciary duty is barred under the applicable statute of limitations. Under New York State law, a three year statute of limitations applies to attorney malpractice (*see* CPLR 214 [6]) and breach of fiduciary duty[5] claims. As these claims terminated at least six years ago, they are now unable to be pled. The mere fact that the Moving Defendants were originally named in the Complaint does not provide

---

[5] New York law does not provide a single statute of limitations for breach of fiduciary duty claims. Instead, the applicable limitations period relies upon the substantive remedy that the plaintiff seeks (*Loengard v Santa Fe Indus*., 70 NY2d 262, 266 [1987]). Where, as here, the remedy sought is purely monetary in nature, courts construe the suit as alleging "injury to property" within the meaning of CPLR 214 (4), which has a three-year limitations period (*see e.g. Yatter v Morris Agency*, 256 AD2d 260, 261 [1st Dept 1998]).

Plaintiff the ability to toll this mandatory statute of limitations. As explained by the Second Circuit in *Frasca v United States*, 921 F.2d 450, 453 (2d Cir. 1990):

> "[D]ismissal is mandatory if a defendant is not served within 120 days, unless the plaintiff can show good cause for the delay." *Id.* at 331-32. The 120 days runs from the filing of the complaint, and the statute of limitations for the underlying claim is tolled during that period. If service is not complete by the end of the 120 days, however, the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period.

*See Frasca*, 921 F.2d at 453 (*quoting Geiger v. Allen,* 850 F.2d 330, 331-2 (7th Cir. 1988). Accordingly, Plaintiff's failure to serve the Moving Defendants during the applicable statute of limitation is fatal to any attempt to revive these claims.

        C.      <u>The Court Lacks Personal Jurisdiction Over the Moving Defendants</u>.

In addition to failing under Rule 4(m), it is clear that the Court does not have Personal Jurisdiction over the Moving Defendants in this matter. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). "The burden of establishing personal jurisdiction lies with the party that is attempting to assert that such jurisdiction exists." *Duquin v. Goord*, No. 99 Civ. 12458 (RWS), 2004 WL 2884424, at *2 (S.D.N.Y. Dec. 13, 2004). Plaintiff has failed to serve the Moving Defendants and cannot meet her burden of establishing that the Court may properly exercise personal jurisdiction over them. *See Sunniland Fruit Co., Inc. v. PMI Produce Corp., Inc.,* No. 00 Civ. 8410 (SAS), 2001 WL 761174, at 3 ("[The defendant] has not been properly served pursuant to Rule [4(m)]. Accordingly, this Court lacks personal jurisdiction . . . and [the plaintiff's] claim . . . must be dismissed.").

Therefore, the Plaintiff's claims against the Moving Defendants must also be dismissed on these grounds.  *See*, *e.g.*, *The Accessory Corp. v. Spotless Plastics Pty. Ltd.*, No. 05 Civ. 2185 (NRB), 2007 WL 2584963, at*5 (S.D.N.Y. Sept. 7, 2007) (holding that, because "good cause" could not be established pursuant to Rule 4(m), the plaintiff's claims must be dismissed pursuant to Rule 12(b)(5)); *Moultry v. City of Poughkeepsie*, 154 F. Supp. 2d 809, 813 (S.D.N.Y. 2001) (dismissing claims against certain individual defendants pursuant to Rule 12(b)(5) for failure to comply with Rule 4(m)).

## II.   ALL CLAIMS AGAINST MICHAEL GORDON HAVE ALREADY BEEN DISMISSED

Even if the Court were to permit an over six-year extension of Plaintiff's time to serve the Moving Defendants, the only claims remaining in this lawsuit following the Court's April 24, 2009 Order and the Appellate Decision involve claims of attorney malpractice and breach of fiduciary duty against the Cowan defendants.  *See* Berlin Decl. at Exhibit A.  Michael Gordon, a professional musician (M. Gordon Aff. ¶ 3), is neither an attorney nor does he have any association with the Cowan Defendants or Plaintiff.[6]  As such, it is beyond argument that he owes no fiduciary duty to Plaintiff and could not have engaged in attorney malpractice. Accordingly, it is clear that the decision by the Second Circuit dismissed him from the case.

"The law of the case doctrine `posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).  When an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 788 (2d Cir.

---

[6] The mere fact that Plaintiff chose to include Mr. Gordon in her definition of the Cowan defendants is irrelevant to his actual legal standing.

1983) (internal quotation marks omitted). This "mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010).

Clearly, Mr. Gordon is not still subject to the remaining claims in this lawsuit. Regardless of this Court's prior Order and the Appellate Decision, Plaintiff's service of discovery demands upon Mr. Gordon display a misunderstanding of her lawsuit's present status. Accordingly, Mr. Gordon requests another order of this court dismissing him from this case pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice, and an order directing that his name be removed from the case's caption.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the accompanying Affidavit of Michael Gordon, the Affidavit of Susan Gordon, the Declaration of Michael A. Berlin and the supporting document attached thereto, the Moving Defendants, Michael Gordon and Susan Gordon, respectfully request that the Court dismiss the Complaint in its entirety and with prejudice and remove their names from the case's caption, along with such other and further relief as the Court may deem appropriate.

Dated: Albany, New York
February 22, 2013

> GREENBERG TRAURIG, LLP
>
> By:    s/Michael A. Berlin
>      Michael A. Berlin
>      54 State Street, 6th Floor
>      Albany, New York 12207
>      Tel. (518) 689-1400
>
> *Counsel for Defendants, Michael Gordon and Susan (Schick) Gordon*