```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/19/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
AMY R. GURVEY,                                              :
                                  Plaintiff,   :
:   06 Civ. 01202 (LGS)
              -against-                    :
:   OPINION AND ORDER
COWAN, LIEBOWITZ & LATHMAN, PC et al,                       :
                                 Defendants.   :
:
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Amy R. Gurvey, currently proceeding pro se, commenced this action in February 15, 2006. The Third Amended Complaint, dated March 4, 2008, is the current operative pleading. (Dkt. No. 47).

      On February 22, 2013, Susan Gordon and Michal Gordon moved to dismiss Plaintiff's Third Amended Complaint pursuant to Rules 4(m), 12(b)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 132). Michael Gordon and Susan Gordon argue, *inter alia*, that Plaintiff has never served them with process in the seven years that this action has been pending and that the time to do so has passed. Moreover, Michael Gordon argues that Judge Barbara S. Jones's Opinion and Order, dated April 23, 2009, dismissed the claims against him (Dkt. No. 66), and that the Second Circuit affirmed the dismissal of all claims except for "claims for attorney malpractice and breach of fiduciary duty against the Cowan defendants." (Dkt. No. 91). Although neither Judge Jones April 23, 2009 Order nor the Second Circuit decision define the term "Cowan defendants," it is clear that the Cowan defendants encompass only the members of the law firm Cowan, Liebowitz & Lathman, PC. Michael Gordon, a

professional musician, is not alleged to be a member of the law firm, but rather its client. (Third Amended Compl. ¶ 5, Dkt. No. 47; *see also* Michael Gordon Decl. ¶ 3, Dkt. No. 135).

On July 31, 2013, Magistrate Judge Henry Pitman issued a Report and Recommendation (the "Report"), in which he recommended that Michael and Susan Gordon's motion to dismiss the claims against them be granted and that Plaintiff's request for an extension of time to perfect service be denied. (Dkt. No. 178).[1] Plaintiff filed no objections to this Report, and the time to do so has now passed.

### I.   Standard of Review

A court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within a magistrate's report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the report, the court must make a *de novo* determination of those portions of the report to which objections are made. *Id.*; *see also U. S. v. Raddatz*, 447 U.S. 667, 674 (1980). When no objections to a report are made, the court may adopt the report if there is no clear error on the face of the record. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citations omitted).

### II.   Conclusion

The Court has carefully reviewed Magistrate Judge Pitman's thorough and well reasoned Report, to which no objections were made, and finds no clear error on the face of the record. Dismissal of Michael Gordon and Susan Gordon from this action is appropriate. Accordingly, the Court AFFIRMS Magistrate Judge Pitman's Report and ADOPTS it in its entirety.

---

[1] Magistrate Judge Pitman also denied Plaintiff's motion for leave to serve Defendants Michael Gordon and Susan Gordon in his July 15, 2013 Order and Opinion. (Dkt. No. 176).

      The Clerk of Court is directed to close the motion at Docket Number 132 and to terminate Michael Gordon and Susan Gordon from this action.

      SO ORDERED.

Dated: August 19, 2013
       New York, New York

                                              LORNA G. SCHOFIELD
                                            UNITED STATES DISTRICT JUDGE