```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

AMY R. GURVEY,                       :

                 Plaintiff,          :    06 Civ. 1202 (LGS)(HBP)

     -against-                       :    OPINION
                                          AND ORDER
COWAN, LIEBOWITZ & LATHMAN, P.C.,    :
et al.,
                 Defendants.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

         I write to resolve two outstanding motions related to
my July 15, 2013 Opinion and Order, Gurvey v. Cowan, Liebowitz &
Lathman, P.C., 06 Civ. 1202 (LGS)(HBP), 2013 WL 3718071 (S.D.N.Y.
July 15, 2013) (Pitman, M.J.) ("July Order").  By notice of
motion dated July 30, 2013, plaintiff moves for reconsideration
of both my July Order and an Order issued by the Honorable
Barbara Jones, United States District Judge, now retired, on
April 5, 2012 (Notice of Motion for Reconsideration, dated July
30, 2013, (Docket Item 182) ("Pl. Notice of Mot.") at 2).  By
notice of motion, dated March 27, 2013, defendants move for an
Order pursuant to Rule 37 of the Federal Rules of Civil Procedure
(1) precluding plaintiff from offering at trial or in connection

with any motion any evidence that she has not already produced,
(2) striking the Third Amended Complaint, or in the alternative,
precluding plaintiff from serving additional discovery requests
and (3) awarding defendants the costs and attorney's fees they
incurred in filing the instant motion (Memorandum of Law in
Support of Defendants' Motion to Sanction Plaintiff, dated Mar.
27, 2013, (Docket Item 147) ("Defs.' Mem.") at 9-10).  For the
reasons set forth below, plaintiff's motion for reconsideration
is denied.  Defendants' motion for sanctions is granted to the
extent that it seeks the attorney's fees and costs defendants
incurred in making the motion and forfeiture of plaintiff's right
to seek enforcement of her discovery requests that were the
subject of my Order dated January 14, 2013.  It is denied to the
extent it seeks other relief.

II.  Facts

        The facts underlying this action and the instant
applications have been set forth in my July Order, familiarity
with which is assumed.  Gurvey v. Cowan, Liebowitz & Lathman,
P.C., supra, 2013 WL 3718071 at *1-*6.  For the present purposes
it is sufficient to note that plaintiff, proceeding pro se, is a
former employee of the law firm Cowan, Liebowitz & Lathman, P.C.
("CLL").  Plaintiff's only remaining claims allege attorney

                            2

malpractice and breach of fiduciary duty in connection with a patent application that CLL was allegedly prosecuting on her behalf.

In my July Order, I resolved several motions. Relevant to the pending applications, I denied plaintiff's motion for leave to file a Fifth Amended Complaint and reserved decision on defendants' motion for sanctions.

With respect to plaintiff's motion for leave to serve a Fifth Amended Complaint, I concluded that plaintiff's motion should be denied because the proposed amendment was futile. I also denied plaintiff's motion on grounds of bad faith, undue delay and prejudice to defendants. Gurvey v. Cowan, Liebowitz & Lathman, P.C., supra, 2013 WL 3718071 at *10-*11.

With respect to defendants' motion for sanctions, I concluded that defendants had made a prima facie showing that plaintiff had engaged in conduct that was sanctionable pursuant to Fed.R.Civ.P. 37(c)(1) and (b)(2).

> First, plaintiff's disclosures made pursuant to Rule 26(a)(1) are deficient in numerous respects. Rather than adhering to the requirements of Rule 26(a)(1), plaintiff's "disclosures" consist of lengthy arguments about the merits of her case interspersed with broad document demands (see generally Docket Item 125). Instead of identifying the documents within her possession, custody, or control on which she will rely, plaintiff provides a list of 53 "documents or categories of documents in hard and electronic format [that] may be used by Plaintiff in support of her claims or

3

defenses and are requested in discovery," many of which
have tenuous or no relevance to the claims in this
litigation (Docket Item 125 at 20-24).  With respect to
the identification of witnesses, plaintiff identifies
more than thirty individuals and entities, a number of
whom have no logical connection to plaintiff's claims,
including "Solicitor General, European Patent Office,"
and "Major League Baseball/MLB Advanced Media" (Docket
Item 125 at 17-19).  Finally, under the heading "Damage
Calculations," plaintiff submitted only the following:
"Plaintiff's damages are to be calculated public docu-
ments [sic] and if that is not sufficient, by experts"
(Docket Item 125 at 24).  These disclosures are plainly
defective, and it appears that plaintiff has made no
attempt to supplement or amend them, despite being
informed of their deficiencies by defendants (see Ex. H
to Declaration of J. Richard Supple, Jr. in Support of
Motion for Discovery Sanctions, filed Mar. 27, 2013
("Supple Decl.")(Docket Item 146)).

Plaintiff has also ignored my Orders of October
10, 2012 and January 14, 2013, and in doing so, vio-
lated Fed.R.Civ.P. 37(b)(2).  My October 10, 2012 Order
explicitly limited discovery to plaintiff's malpractice
and breach-of-fiduciary duty claims.  However, as
evidenced by, among other things, the document demands
contained within plaintiff's defective Rule 26(a)(1)
disclosures and plaintiff's first set of document
demands and interrogatories (Ex. I to Supple Decl.),
plaintiff has sought discovery of extraordinary breadth
that is far beyond the scope of the two claims remanded
by the Court of Appeals.  In addition, to this day,
plaintiff has disregarded my Order of January 14, 2013
by failing to explain in writing how each of her dis-
covery requests to CLL is relevant to the remaining
claims.  Plaintiff has offered no explanation for her
cavalier attitude with respect to compliance with these
Orders.

Gurvey v. Cowan, Liebowitz & Lathman, P.C., supra, 2013 WL

3718071 at *14.  However, because plaintiff had not responded to

defendants' motion for sanctions, I gave plaintiff an "opportu-

nity to attempt to explain her conduct and/or provide mitigating evidence on her behalf." Gurvey v. Cowan, Liebowitz & Lathman, P.C., supra, 2013 WL 3718071 at *15.

On July 30, 2013, plaintiff moved for reconsideration of my July Order to the extent that it denied her motion for leave to serve a Fifth Amended Complaint and "that portion of the District Court's order directing that [CLL] answer Plaintiff's [Third Amended Complaint]" (Pl. Notice of Mot. at 2). In support of her motion, plaintiff submitted a document entitled "Plaintiff's Declaration and Legal Memorandum in Support of Motion for Reconsideration," to which she appended the appellate brief she submitted to the Ninth Circuit Court of Appeals in a related case (Docket Item 183). On August 5th, plaintiff submitted a document entitled "Plaintiff's Declaration and Legal Memorandum in Further Support of Reconsideration and Excusable Delay in Discovery," which appears to be plaintiff's response to my Order directing her to show cause why I should not impose sanctions ((Docket Item 184) ("Pl. Aug. 5 Mem."). On August 21, 2013, defendants submitted their response (Declaration of Richard Supple, Jr. in Response to Plaintiff Amy R. Gurvey's Notice of Motion for Reconsideration and "Excusable Delay in Discovery," dated Aug. 21, 2013, (Docket Item 187)).

5

The parties have submitted additional correspondence related to the pending motions.  On January 3, 2014, plaintiff submitted what is ostensibly a reply in further support of her motion for reconsideration my July Order ("Plaintiff Pro Se's Reply to Motion-in-Chief for Reconsideration and to Vacate Magistrate's July, 2013 Order (Docket Item 176)," dated Jan. 3, 2014, (Docket Item 197)("Pl. Reply")).  On January 13, 2014, defendants submitted a letter requesting that I disregard plain-tiff's Reply and that plaintiff be enjoined from making new motions without the Court's permission (Letter of Richard Supple, Jr., Esq., to the undersigned, dated Jan. 13, 2014, at 2).

III.  <u>Analysis</u>

   A.  Motion for
       <u>Reconsideration</u>

Motions for reconsideration are appropriate only under limited circumstances.  As explained by the late Honorable Peter K. Leisure, United States District Judge, in <u>Davidson v. Scully</u>, 172 F. Supp. 2d 458, 461-62 (S.D.N.Y. 2001):

> A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court. <u>See</u> <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).  A party seeking reconsideration "is not supposed to treat the court's initial decision as the

opening of a dialogue in which that party may then use
such a motion to advance new theories or adduce new
evidence in response to the court's rulings." Polsby
v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL
98057, at *1 (S.D.N.Y. Jan 18, 2000) (Mukasey, J.).
Thus, a motion for reconsideration "is not a substitute
for appeal and 'may be granted only where the Court has
overlooked matters or controlling decisions which might
have materially influenced the earlier decision.'"
Morales v. Quintiles Transnational Corp., 25 F. Supp.
2d 369, 372 (S.D.N.Y. 1998) (citations omitted).

See also Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70 (S.D.N.-

Y. 2007) (Conner, D.J.).  "A movant for reconsideration bears the

heavy burden of demonstrating that there has been an intervening

change of controlling law, that new evidence has become avail-

able, or that there is a need to correct a clear error or prevent

manifest injustice." Quinn v. Altria Grp., Inc., 07 Civ. 8783

(LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008) (Swain,

D.J.), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d

1245, 1255 (2d Cir. 1992).

A moving party is entitled to reargument under Local

Rule 6.3 where she "can point to controlling decisions or data

that the court overlooked -- matters, in other words, that might

reasonably be expected to alter the conclusion reached by the

court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003),

abrogated on other grounds, In re Zarnel, 619 F.3d 156, 167 (2d

Cir. 2010); Allied Mar., Inc. v. Rice Corp., 361 F. Supp. 2d 148,

149 (S.D.N.Y. 2004) (Scheindlin, D.J.).

7

Thus, a party in its motion for reargument may not advance "new facts, issues or arguments not previously presented to the Court." Torres v. Carry, 672 F. Supp. 2d 346, 349 (S.D.N.Y. 2009) (Marrero, D.J.), quoting Davidson v. Scully, supra, 172 F. Supp. 2d at 461.  "These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters." In re City of New York, as Owner & Operator of M/V Andrew J. Barberi, CV-03-60-49 (ERK)(VVP), 2008 WL 1734236 at *1 (E.D.N.Y. Apr. 10, 2008), citing Zoll v. Jordache Enter. Inc., 01 Civ. 1339 (CSH), 2003 WL 1964054 at *2 (S.D.N.Y. Apr. 24, 2003) (Haight, D.J.); Cohn v. Metro. Life Ins., Co., 07 Civ. 0928 (HB), 2007 WL 2710393 at *1 (S.D.N.Y. Sept. 7, 2007) (Baer, D.J.).

Considering only the arguments raised in plaintiff's timely submissions,[1] and assuming, without deciding, that plain-

---

[1] Plaintiff submitted her reply on January 3, 2014, nearly four months late and after I twice ordered that no extension of time be given (See Gurvey v. Cowan, Liebowitz & Lathman, P.C., supra, 2013 WL 3718071 at *15; Endorsed Letter of Amy R. Gurvey to the undersigned, dated August 29, 2013, (Docket Item 193) at 1).  Therefore, I do not consider the arguments raised in plaintiff's Reply and defendants' responsive letter dated January 13, 2014.

tiff's motion is procedurally appropriate,[2] I deny plaintiff's
motion for reconsideration.

Plaintiff fails to cite any controlling factual or
legal materials that I have overlooked.  Plaintiff cannot now
rely on Williams v. Citigroup Inc., 659 F.3d 208 (2d Cir. 2011)
and authorities cited in the appended appellate brief because
they were not cited in her prior submissions in support of her
motion to amend (Plaintiff's Reply in Support of motion to file &
serve Fifth Amendment Complaint, dated Jan. 1, 2013, (Docket Item
129)).  Nor does plaintiff identify any facts that would warrant
reconsideration of my conclusion that her motion to amend was
futile, prejudicial, and made in bad faith.  Because plaintiff
has not identified controlling factual or legal material that I
overlooked and is attempting to rely on "new" authorities, she
has failed to show any valid basis for reconsideration of my July
Order.

To the extent that plaintiff's motion seeks reconsider-
ation of the Judge Jones' April 2012 Order, I decline to address

---

[2]Several District Judges in this Circuit have concluded that
a motion for reconsideration of a Magistrate Judge's ruling on a
non-dispositive matter is not permitted by Rule 60 the Federal
Rules of Civil Procedure and the Local Civil Rules of this Court.
See, e.g., NG v. HSBC Mortg. Corp., 262 F.R.D. 135, 135 (E.D.N.Y.
2009); Koehler v. Bank of Bermuda Ltd., No. M-18-302, 2003 WL
466206 at *1 (S.D.N.Y. Feb. 21, 2003) (Haight, D.J.).

it.  Motions for reconsideration must be made within 14 days of
the ruling in issue.  Local Civil Rule 6.3.  Plaintiff's motion
is more than a year late and can be denied on that ground alone.
Luv N' Care, Ltd. v. Regent Baby Prods. Corp., 10 Civ. 9492
(SAS), 2014 WL 265767 at *1 (S.D.N.Y. Jan. 23, 2014) (Scheindlin,
D.J.); First Horizon Bank v. Moriarty-Gentile, No. 10-CV-00289
(KAM)(RER), 2013 WL 6271840 at *3 (E.D.N.Y. Dec. 4, 2013);
Siemens Westinghouse Power Corp. v. Dick Corp., 219 F.R.D. 552,
554 (S.D.N.Y. 2004) (Marrero, D.J.).  In addition, I conclude
that it would be inappropriate for a magistrate judge to review
the decision of an Article III Judge without an express instruc-
tion from the Article III Judge to do so.

　　　　Accordingly, plaintiff's motion for reconsideration
(Docket Item 182) is denied in its entirety.

　　　B.  Motion for
　　　　　Sanctions

　　　　1.  Applicable Legal Principles

　　　　Rule 37(b)(2) provides that a court may impose sanc-
tions against a party that "fails to obey an order to provide or
permit discovery . . . ."  Salahuddin v. Harris, 782 F.2d 1127,
1132-33 (2d Cir. 1986).  Sanctions may be granted against a party
under Rule 37(b)(2) if there is noncompliance with an order,

"notwithstanding a lack of wilfulness or bad faith, although such factors 'are relevant . . . to the sanction to be imposed for the failure.'" Auscape Int'l v. Nat'l Geographic Soc'y, 02 Civ. 6441 (LAK), 2003 WL 134989 at *4 (S.D.N.Y. Jan. 17, 2003) (Kaplan, D.J.), quoting 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2283, at 608 (2d ed. 1994); see Melendez v. Ill. Bell Tel. Co., 79 F.3d 661, 671 (7th Cir. 1996) ("Bad faith . . . is not required for a district court to sanction a party for discovery abuses.  Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant." (citations omitted)); Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 78, 88 (D.D.C. 1998) ("In making the determination of whether to impose sanctions, Rule 37(b)(2) does not require a showing of willfulness or bad faith as a prerequisite to the imposition of sanctions upon a party." (citations omitted)).  The decision to impose sanctions "is committed to the sound discretion of the district court and may not be reversed absent an abuse of discretion." Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990), citing, inter alia, Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam); see Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006) ("A district court has wide discretion in imposing sanctions, including severe sanc-

tions, under Rule 37(b)(2) . . . ."); Daval Steel Prods. v. M/V
Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) (same); Dove v.
City of New York, 06 Civ. 1096 (SAS), 2006 WL 3802267 at *2
(S.D.N.Y. Dec. 26, 2006) (Scheindlin, D.J.) (same); see generally
Southern New England Tel. Co. v. Global NAPS Inc., 624 F.3d 123,
144-45 (2d Cir. 2010).

        Rule 37(b)(2) directs a court to "make such orders in
regard to the failure as are just," including, inter alia,
striking the party's pleading, precluding the introduction of
certain evidence, or dismissing the action or rendering a judg-
ment by default.  Fed.R.Civ.P. 37(b)(2).  Additionally, the court
must impose reasonable expenses and attorney's fees on the
disobedient party "unless the court finds that the failure was
substantially justified or that other circumstances make an award
of expenses unjust."  Fed.R.Civ.P. 37(b)(2).

>        "In deciding whether to impose sanctions under
>        Rule 37, the Court considers the following factors:
>        '(1) the willfulness of the noncompliant party or the
>        reasons for noncompliance; (2) the efficacy of lesser
>        sanctions; (3) the duration of the period of noncompli-
>        ance; and (4) whether the noncompliant party had been
>        warned of the consequences of his noncompliance.'
>        Nieves v. City of New York, 208 F.R.D. 531, 535
>        (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak
>        Trading Inc., 58 F.3d 849 (2d Cir. 1995))."

Oseni v. Tristar Patrol Servs., 05 Civ. 2875 (RJD)(LB), 2006 WL
2972608 at *7 (E.D.N.Y. Oct. 18, 2006); accord Agiwal v. Mid
Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009).

The harsher remedies, such as preclusion of certain evidence, while permitted under Rule 37, "should be imposed only in rare situations . . . ." Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988).  "Such a severe sanction is justified 'when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable.'" Izzo v. ING Life Ins. & Annuity Co., 235 F.R.D. 177, 186 (E.D.N.Y. 2005), quoting Daval Steel Prods. v. M/V Fakredine, supra, 951 F.2d at 1365.

Fed.R.Civ.P. 37(c)(1) provides as follows:

> (1) **Failure to Disclose or Supplement.**  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, in-cluding any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

"The purpose of Rule 37(c) is to prevent the practice of 'sand-bagging' an adversary with new evidence." Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) (Marrero, D.J.), citing Ebewo v.

Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (Koeltl,
D.J.); Johnson Electric N. Am. Inc. v. Mabuchi Motor Am. Corp.,
77 F. Supp. 2d 446, 458-59 (S.D.N.Y. 1999) (Sprizzo, D.J.).
Although there is some language in the Advisory Committee Notes
to the 1993 amendments to Rule 37 suggesting that preclusion is
intended as an "automatic sanction" for untimely disclosures, the
Court of Appeals has explained that the structure of the Rule
does not warrant this interpretation and has directed District
Courts to use a more flexible approach in assessing the conse-
quences of a party's untimely disclosure or amendment of a
disclosure previously made.  Design Strategy Inc. v. Davis,
supra, 469 F.3d at 296-98.  Specifically, the Court of Appeals
has identified four factors to be considered in determining
whether an order of preclusion is appropriate:  "(1) the party's
explanation for the failure to comply with the disclosure re-
quirement, (2) the importance of the excluded evidence, (3) the
prejudice suffered by the opposing party as a result of having to
prepare to meet the new testimony, and (4) the possibility of a
continuance."  Kam Hing Enterprises, Inc. v. Wal-Mart Stores,
Inc., 359 F. App'x 235, 237 (2d Cir. 2010), citing Design Strat-
egy Inc. v. Davis, supra, 469 F.3d at 296; accord Zerega Ave.
Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d 206, 213
(2d Cir. 2009).

14

2. Application of the
   Foregoing Principles

As noted above, defendants have already made out a
prima facie case that the imposition of sanctions are appropriate
pursuant to Fed.R.Civ.P. 37(b)(2) and (c)(1).  Gurvey v. Cowan,
Liebowitz & Lathman, P.C., supra, 2013 WL 3718071 at *14-*15.
Plaintiff's Rule 26(a)(1) disclosures provide no calculation of
damages and fail to identify documents or witnesses relevant to
her claims.  Furthermore, plaintiff violated my October 2012
Order by requesting documents beyond the scope of her malpractice
and breach-of-fiduciary duty claims; she also violated my January
2013 Order by failing to explain in writing how her document
requests were relevant to her remaining claims.  The principal
issue remaining is, in light of plaintiff's explanations or other
facts, what sanctions are warranted, if any.

With respect to plaintiff's failure to comply with my
prior Orders, defendants seek expenses and attorney's fees
associated with their sanctions motion and an Order precluding
plaintiff from requesting additional discovery, or, in the
alternative, striking her Third Amended Complaint (Defs.' Mem. at
10).

As explained above, four factors are relevant to the
imposition of sanctions pursuant to Rule 37(b)(2).  These fac-

15

tors, on balance, weigh in favor of imposing sanctions on plaintiff.

With respect to willfulness, plaintiff offers no excuse for disobeying my Orders.  "Non-compliance may be deemed willful when the court's Orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Handwerker v. AT & T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (Marrero, D.J.) (citations and punctuation omitted), aff'd, 93 F. App'x 328 (2d Cir. 2004).  A review of the docket in this matter indicates that plaintiff has not misunderstood my Orders; she has simply ignored them.  Instead of submitting written explanations in response to my January 2013 Order, she requested a two-week extension in order to comply with the Order and never submitted a response (Letter of Amy R. Gurvey to the undersigned, dated Jan. 15, 2013, (Docket Item 131)).  With respect to my Orders limiting discovery to plaintiff's malpractice and breach-of-fiduciary duty claims, plaintiff asserts that I have "improperly ruled" and that I misunderstood her requests (Pl. Aug. 5 Mem. at 6-7).  Plaintiff's noncompliance is plainly willful.

Also weighing in favor of sanctions is the fact that plaintiff's noncompliance has lasted for months and is still ongoing.  See, e.g., State Farm Mut. Auto Ins. Co. v. Grafman,

274 F.R.D. 442, 452 (E.D.N.Y. 2011); Handwerker v. AT & T Corp.,
supra, 211 F.R.D. at 210 (noncompliance spanning more than nine
months weighs in favor of dismissal).

Although plaintiff was not expressly warned of the
consequences of disobeying my Orders, she is an attorney[3] and is
chargeable with knowing the consequences of violating a court
order.

Finally, I conclude that a monetary sanction in con-
junction with an Order finding that plaintiff has forfeited her
right to enforce the discovery requests that were the subject of
my January 2013 Order are sufficient sanctions.  Defendants
requested sanction of striking the Third Amended Complaint is the
ultimate sanction; I conclude is inappropriate at least at this
stage of the proceeding.  Plaintiff has not previously engaged in
sanctionable conduct and her failure to comply with my January
2013 Order has not prejudiced defendants.  The secondary sanction
sought by defendants -- an Order precluding plaintiff from taking
any other discovery -- is also overly harsh; it is my understand-
ing that plaintiff has, to date, actually received very little,
if any, discovery.  Requiring plaintiff to pay the attorneys'
fees defendants incurred in making their sanctions motion and

---

[3]Although plaintiff's privilege to practice in this Court
has been suspended, she was originally admitted to the Southern
District of New York in 1987 under the name of Amy Weissbrod.

finding that plaintiff, as a result of her failure to comply with
my Order dated January 14, 2013, has forfeited her right to
enforce the discovery requests that were the subject of that
Order, is sufficient both to provide restitution to defendants
for plaintiff's improper behavior and to deter plaintiff from
disobeying any future discovery Orders.

With respect to plaintiff's failure to serve adequate
Rule 26(a)(1) disclosures, defendants seek expenses and attor-
ney's fees associated with their Rule 37 motion and an Order
precluding plaintiff from offering any evidence she has not
already produced in discovery (Defs.' Mem. at 10).

As indicated above, four factors are relevant in
determining whether a party who violates Rule 37(c)(1) should be
precluded from offering evidence.  Here, three of the four
factors weigh against granting an Order of preclusion.

With respect to the first factor, plaintiff has failed
to offer any valid explanation for her failure to adhere to the
requirements of Rule 26(a)(1).  Plaintiff offers two excuses that
can be rejected in short order (Pl. Aug. 5 Mem. at 2-3).  She
first claims that she has had a "permanent disability and serious
illness and incapacity from breast cancer and asbestos exposure"
and hospitalizations in 2012 and 2013 for "diverticulitis and
Clostridium Difficile colitis" (Pl. Aug. 5 Mem. at 2 & n.2).  As

18

I indicated in my July Order, plaintiff's purported ailments have
not prevented her from filing numerous other documents and,
therefore, cannot excuse her failure to provide adequate disclo-
sures pursuant to Rule 26(a)(1).  Plaintiff's other excuse --
that producing a complete witness list "was impossible without
[CCL]'s first discovery [responses] or Squitieri [& Fearon,
LLP]'s files" -- is immaterial (Pl. Aug. 5. Mem. at 3).  Not only
are plaintiff's disclosures pursuant to 26(a)(1)(A) incomplete,
they are inadequate because many of the listed witnesses have no
logical connection to plaintiff's claims.  Moreover, if Squitieri
& Fearon, LLP's files contained information pertinent to plain-
tiff's 26(a)(1)(A)(1) disclosures, plaintiff should have supple-
mented her initial disclosures in May 2013 when she received
those files (See Plaintiff's Second Status Letter, dated June 11,
2013, (Docket Item 175) at 1).  She has not done so.  Because
plaintiff cannot justify her failure to meet the disclosure
requirements, this factor weighs in favor of preclusion.

        With respect to the second factor, it is impossible to
determine at this point how significant the undisclosed evidence
is.  In light of the early stage of discovery, defendants'
proposed Order of preclusion would end discovery at its outset.
Even if plaintiff comes forth with no meaningful evidence, it is
premature to prevent her from doing so without a greater under-

standing as to what would be precluded and the extent to which defendants would be surprised or prejudiced.  Accordingly, I conclude that this factor weighs against preclusion.

With respect to the third and fourth factors, allowing plaintiff to correct her initial disclosures would not prejudice plaintiff or require a continuance.  Although this case is nearly eight years old, the parties have exchanged only their initial disclosures and document demands (Letter of Richard Supple, Jr., Esq., to the Honorable Lorna Schofield, dated April 5, 2013, (Docket Item 166) at 3-4).  There is time for plaintiff to correct her deficient disclosures and for defendants to respond. Aside from the possible need to draft follow-up discovery demands in response to any new information provided by plaintiff, defendants will suffer no prejudice by allowing plaintiff to correct her defective disclosures.  Krawec v. Kiewit Constructors Inc., 11 Civ. 123 (LAP), 2013 WL 1104414 at *7-*8 (S.D.N.Y. Mar. 1, 2013) (Preska, D.J.); Great White Bear, LLC v. Mervyns, LLC, 06 Civ. 13358 (RMB)(FM), 2008 WL 2220662 at *6 (S.D.N.Y. May 27, 2008) (Maas, M.J.).  Accordingly, these factors weigh against preclusion.

In spite of plaintiff's dilatory conduct, I conclude that sanctions short of preclusion are appropriate.  Beyond the monetary sanctions that I have already granted, plaintiff is

hereby ordered to amend her Rules 26(a)(1) disclosures with twenty-one (21) days of this Order.  An unjustified failure to do so will result in an Order precluding plaintiff from offering any evidence not yet produced at trial or in connection with any motion.

IV.  Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion for reconsideration is denied (Docket Item 182). Additionally, defendants' motion to for sanctions is granted (Docket Item 147) to the extent that it seeks (1) forfeiture of plaintiff's right to seek enforcement of her discovery requests that were the subject of my January 2013 Order and (2) attorney's fees and costs defendants incurred in making their motion.  Defendants are directed to submit contemporaneous billing records and the information necessary to evaluate the reasonableness of their attorneys' billing rates, along with invoices for any costs they have incurred, within twenty-one (21) days of this Order. Plaintiff is directed to submit her response no later than twenty-one (21) days thereafter.  Plaintiff is also directed to amend its initial disclosures in compliance with Rule 26(a)(1) no later than twenty-one (21) days of this Order.  Plaintiff's failure to comply with these deadlines will result in forfeiture

of her right to serve future document requests and may preclude
plaintiff from offering any evidence not yet produced at trial or
in connection with any motion.

The parties are also directed to appear for a follow-up
conference in this matter on March 19, 2014 at 9:30 a.m. so that
a discovery schedule may be set.

Finally, future conduct by plaintiff will not be
tolerated.   PLAINTIFF IS HEREBY WARNED THAT ANY FURTHER NONCOM-
PLIANCE WITH THIS ORDER, PAYMENT OF EXPENSES OR ATTORNEY'S FEES
IN CONNECTION WITH THIS MOTION OR OTHER OBLIGATIONS IMPOSED BY
THE FEDERAL RULES OF CIVIL PROCEDURE OR LOCAL RULES OF THIS COURT
MAY RESULT IN SANCTIONS INCLUDING DISMISSAL OF THIS ACTION.

Dated:   New York, New York
         February 25, 2014

                              SO ORDERED


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge


Copies mailed to:

Ms. Amy R. Gurvey
315 Highland Avenue
Upper Montclair, New Jersey   07043

John R. Supple, Jr., Esq.
Hinshaw & Culbertson, LLP
780 Third Avenue
New York, New York   10017