UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

AMY R. GURVEY,                         :

                    Plaintiff,    :    06 Civ. 1202 (LGS)(HBP)

     -against-                         :    OPINION
                                            AND ORDER
COWAN, LIEBOWITZ & LATMAN, P.C.,   :
et al.,
                    Defendants.    :

-----------------------------------X


          PITMAN, United States Magistrate Judge:


          By notice of motion dated March 22, 2014 (Docket Item

213), plaintiff, proceeding pro se, moves for reconsideration of

that portion of my opinion and order dated February 25, 2014

(Docket Item 200) that awarded sanctions to defendants. Gurvey

v. Cowan, Liebowitz & Latman, P.C., 06 Civ. 1202 (LGS)(HBP), 2014

WL 715612 (S.D.N.Y. Feb. 25, 2014) ("February Order").[1]  For the

reasons set forth below, the motion is denied in all respects.

          My February Order imposed sanctions on plaintiff

pursuant to Fed.R.Civ.P. 37(b)(2) on three bases:  (1) plaintiff

failed to provide adequate disclosures in accordance with

Fed.R.Civ.P. 26(a)(1); (2) plaintiff violated an Order I issued

_____

          [1]By coincidence, my February Order also denied an earlier
motion by plaintiff for reconsideration of an earlier Order that
I issued denying plaintiff's motion to file a fifth amended
complaint.

in October 2012 limiting discovery to the malpractice and breach-of-fiduciary-duty claims that were upheld by the Court of Appeals (see Docket Item 117), and (3) plaintiff violated an Order I issued in January 2013 by failing to explain how certain of her discovery requests sought information relevant to the two remaining claims (see Docket Item 130).  After carefully weighing the factors identified by the Court of Appeals as being relevant to a motion for sanctions, my February Order rejected defendant's request for an order of preclusion and, instead, concluded that the sanctions should be limited to (1) the forfeiture of plaintiff's right to seek enforcement of certain discovery requests that she had previously served and (2) reimbursement of the fees defendants incurred in making their sanctions motions.  It is this aspect of my February Order that is the subject of plaintiff's motion for reconsideration.

        The factors relevant to a motion for reconsideration were discussed at length in my February Order and need not be rehearsed here.  For present purposes, it is sufficient to note that a motion for reconsideration is not a vehicle for advancing new facts, new theories or new arguments that were not previously called to the court's attention or for relitigating matters that were already resolved.  Rather, to succeed on a motion for reargument, the movant must carry "the heavy burden of demon-

2

strating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Quinn v. Altria Grp., Inc., 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008) (Swain, D.J.), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); see generally 1 Michael C. Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New York § 11.33 (2013-2014 ed.).

In addition to the foregoing substantive limitations, a motion for reargument is also subject to the following procedural limitations:  (1) the motion for reconsideration must be served within fourteen (14) days of the determination of the original motion and (2) no affidavits are to be filed in the absence of a direction from the court.  Local Civil Rule 6.3.

Plaintiff's motion fails on all counts.  First, the certification of service annexed to the motion states that it was served on March 22, 2014.  Because my February Order was docketed on February 25, 2014, the fourteen-day clock for filing motions for reconsideration expired on March 11, 2014.  Thus, plaintiff's motion is almost two weeks late and can be denied on that ground alone.  Scarsdale Cent. Serv. Inc. v. Cumberland Farms, Inc., 13 Civ. 8730 (NSR), 2014 WL 2870283 at *3 (S.D.N.Y. June 24, 2014)

(Román, D.J.); Luv n' Care, Ltd. v. Regent Baby Prods. Corp., 986
F. Supp. 2d 400, 411 (S.D.N.Y. 2014) (opinion on motion for
reconsideration) (Scheindlin, D.J.); First Horizon Bank v.
Moriarty-Gentile, No. 10-CV-00289 (KAM)(RER), 2013 WL 6271840 at
*3 (E.D.N.Y. Dec. 4, 2013); Siemens Westinghouse Power Corp. v.
Dick Corp., 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (Marrero, D.J.).

        Second, rather than support her motion with a memoran-
dum of law, plaintiff has attached only a rambling declaration
which offers a number of new and largely irrelevant facts con-
cerning the purported merits of plaintiff's claims and alleged
discovery abuses by defendants.  Because this declaration is the
functional equivalent of an affidavit, its submission was inap-
propriate and it need not be considered.  Optimum Worldwide Ltd.
v. Klebener, 95 Civ. 1359 (HB)(HBP), 1997 WL 777389 at *2 n.1
(S.D.N.Y. Dec. 17, 1997), citing U.S. Offshore, Inc. v. Seabulk
Offshore, Ltd., 90 Civ. 6209 (MBM), 1990 WL 204171 at *1
(S.D.N.Y. Dec. 12, 1990) (Mukasey, D.J.); see also Polsby v. St.
Martin's Press, Inc., 97 Civ. 690 (MBM), 2000 WL 98057 at *1
(S.D.N.Y. Jan. 18, 2000) (Mukasey, D.J.).

        However, even if these procedural defects were over-
looked, the motion would still fail.  With one exception, dis-
cussed in more detail below, plaintiff's motion does not allege
that I overlooked controlling law or facts or that there is some

4

other fundamental deficiency in my February Order.  Rather, the bulk of her submission is a desultory, almost incoherent, diatribe on the merits of her claims, purported discovery abuses by defendants and other matters that have absolutely nothing to do with the issues in this case and nothing to do with whether reconsideration of my February Order is appropriate.  Among other things, plaintiff's submission discusses the failure of her prior counsel to return files to her (Plaintiff Pro Se's Notice of Motion for Reconsideration of District Magistrate's Feb. 25, 2014 Order Granting Discovery Sanctions, dated March 22, 2014 (Docket Item 213) ("March 22 Notice of Motion") at 3[2]), the alleged propriety of the imposition of sanctions against defendants and their attorney pursuant to Fed.R.Civ.P. 11 for misconduct in discovery (notwithstanding the fact that plaintiff had not made a Rule 11 motion at the time of her submission) (March 22 Notice of Motion at 4), defendants' alleged publication of plaintiff's confidential files in the New York Times in 2003 (March 22 Notice of Motion at 6 n.6) and plaintiff's alleged work as an assistant to PBS's News Director on September 11, 2001 while suffering from various physical maladies (Plaintiff's Letter to the Undersigned,

---

[2]Because Docket Item 213 consists of several different documents, the citations herein refer to the page numbers assigned by the Court's ECF system.

dated May 25, 2014 (Docket Item 242) at 2 n.1).  Read
charitably,[3] plaintiff's submission might be construed to assert
that her own discovery shortcomings pale in comparison to defen-
dants'.  Even if true, however, this argument is not a proper
basis of a motion for reconsideration.[4]  The principal bases for
the sanctions I imposed in my February Order were plaintiff's
failures to comply with my earlier discovery orders.  Even if
defendants were guilty of discovery misconduct (and plaintiff has
not established such misconduct), such misconduct could not
excuse plaintiff from complying with the Court's orders.  See
Hammond v. Beth Israel Med. Ctr., 10 Civ. 93 (NRB), 2011 WL
5980952 at *4 n.2 (S.D.N.Y. Nov. 30, 2011) (Buchwald, D.J.); see
generally R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 33 (S.D.N.Y.
2010) (Dolinger, M.J.).

        The one issue raised by plaintiff which is arguably a
proper basis for reconsideration is her contention that she did,
in fact, comply with that provision of my October 10, 2012 Order
that required plaintiff to make initial disclosures concerning

_____

        [3]I note that although plaintiff is proceeding pro se, she is
a law school graduate and was admitted to practice in this Court
in 1987, although her privilege of practicing in this Court has
been suspended.

        [4]The nature of plaintiff's submission is particularly
shocking given that plaintiff is an attorney and was formerly a
member of the bar of this Court who is currently suspended from
practice.

the remaining malpractice and breach-of-fiduciary duty claims
that complied with Rule 26(a)(1).  Plaintiff claims that she made
such disclosures on November 9, 2012 (March 22 Notice of Motion
at 2).  Plaintiff's contention is immaterial to my February
Order.  As explained in my February Order, by an Opinion and
Order dated July 15, 2013, Gurvey v. Cowan, Liebowitz & Latman,
P.C., 06 Civ. 1202 (LGS)(HBP), 2013 WL 3718071 at *14 (S.D.N.Y.
July 15, 2013), the 26(a)(1) disclosures plaintiff served in 2012
were substantively defective; they failed to identify documents
and witnesses in any meaningful way and failed to provide a
calculation of damages.[5]  I did not impose sanctions when I

---

[5]Both my July 15, 2013 Order and my February Order noted:

> First, plaintiff's disclosures made pursuant to Rule
> 26(a)(1) are deficient in numerous respects.  Rather
> than adhering to the requirements of Rule 26(a)(1),
> plaintiff's "disclosures" consist of lengthy arguments
> about the merits of her case interspersed with broad
> document demands (see generally Docket Item 125).
> Instead of identifying the documents within her
> possession, custody, or control on which she will rely,
> plaintiff provides a list of 53 "documents or
> categories of documents in hard and electronic format
> [that] may be used by Plaintiff in support of her
> claims or defenses and are requested in discovery,"
> many of which have tenuous or no relevance to the
> claims in this litigation (Docket Item 125 at 20-24).
> With respect to the identification of witnesses,
> plaintiff identifies more than thirty individuals and
> entities, a number of whom have no logical connection
> to plaintiff's claims, including "Solicitor General,
> European Patent Office," and "Major League Baseball/MLB
> (continued...)

issued my July 15, 2013 Order because plaintiff had not, as of
that time, explained her failure to serve a proper Rule 26(a)(1)
disclosure, and I wanted to afford her an opportunity to do so.
Her failure to offer a satisfactory explanation resulted in my
February Order and the sanctions imposed therein.  Thus, I did
not overlook the 26(a)(1) disclosures plaintiff made in November
2012.  To the contrary, it was the defective nature of these
disclosures that led to the imposition of sanctions.  Thus,
plaintiff has not cited any facts that were overlooked and that
would have altered the result reached in my February Order.

      Accordingly, plaintiff has not offered any valid reason
to revisit the conclusions reached in my February Order, and her
motion for reargument of that Order (Docket Item 213) is denied

---

[5](...continued)
      Advanced Media" (Docket Item 125 at 17-19).  Finally,
under the heading "Damage Calculations," plaintiff
submitted only the following:  "Plaintiff's damages are
to be calculated public documents [sic] and if that is
not sufficient, by experts" (Docket Item 125 at 24).
These disclosures are plainly defective, and it appears
that plaintiff has made no attempt to supplement or
amend them, despite being informed of their
deficiencies by defendants (see Ex. H to Declaration of
J. Richard Supple, Jr. in Support of Motion for
Discovery Sanctions, filed Mar. 27, 2013 ("Supple
Decl.")(Docket Item 146)).

February Order, supra, 2014 WL 715612 at *2, quoting Gurvey v.
Cowan, Liebowitz & Latman, P.C., supra, 2013 WL 3718071 at *14.

in all respects.[6]  The Clerk of the Court is directed to mark

Docket Item 213 closed.

Dated:  New York, New York
        November 5, 2014

                            SO ORDERED

                            _Henry Pitman_
                            _____
                            HENRY PITMAN
                            United States Magistrate Judge

Copies transmitted to:

Ms. Amy R. Gurvey
315 Highland Avenue
Upper Montclair, New Jersey  07043

John R. Supple, Jr., Esq.
Hinshaw & Culbertson, LLP
780 Third Avenue
New York, New York  10017

---

[6]To the extent that plaintiff's motion for reargument can
read as raising issues with defendants' discovery responses, it
is denied without prejudice to renewal.  Plaintiff does not
identify the discovery requests in dispute, does not identify the
specific response or explain how it is deficient nor does she
affirm that she has had a "meet and confer" with defense counsel
in an effort to resolve the dispute without my intervention, as
required by the Federal Rules of Civil Procedure.  Fed.R.Civ.P.
37(a)(1).

                                9