```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

AMY R. GURVEY,                     :

                Plaintiff,         :    06 Civ. 1202 (LGS)(HBP)

    -against-                      :    OPINION
                                        AND ORDER
COWAN, LIEBOWITZ & LATMAN, P.C., :
et al.,
                                   :

                Defendants.        :
----------------------------------X
```

PITMAN, United States Magistrate Judge:

I.  Introduction

By notice of motion dated May 11, 2014 (Docket Item 233), plaintiff, Amy R. Gurvey, proceeding pro se,[1] moves to stay defendants' motions[2] for sanctions pursuant to Fed.R.Civ.P. 11 pending adjudication of her appeal to the United States Court of Appeals for the Second Circuit in a different case involving none of the defendants in this matter and cross-moves seeking (1) the disqualification of Hinshaw & Culbertson, LLP ("H&C") as counsel

---

[1]Plaintiff is a law school graduate and was admitted to practice in this Court in 1987.  Her privilege of practicing in this Court has been suspended.

[2]Notice of Motion for Sanctions Pursuant to Fed.R.Civ.P. 11(b)(1) and 11(b)(2), dated Apr. 25, 2014 (Docket Item 223); Notice of Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(b)(1), (2) & (3), dated Apr. 25, 2014 (Docket Item 224).

for defendants pursuant to New York Rules of Professional Conduct
3.7(b)(1), (2) an award of damages pursuant to New York Judiciary
Law § 487, (3) the imposition of sanctions pursuant to
Fed.R.Civ.P. 11, (4) to compel discovery and impose sanctions
pursuant to Fed.R.Civ.P. 37,[3] (5) an order directing the payment
of fees ordered by the Second Circuit and (6) the fees and costs
of this motion.  Defendants oppose plaintiff's motion and cross-
motion.[4]  For the reasons set forth below, plaintiff's motion and
cross-motion are denied.

## II.  Background

The facts underlying this action have been set forth in
several decisions by this Court and the Court of Appeals, includ-
ing the latter's decision affirming in part and reversing in part
the dismissal of plaintiff's Third Amended Complaint.  See Gurvey

---

[3]Plaintiff has joined her motion to compel discovery and for
the imposition of Rule 37 sanctions in this cross-motion to
disqualify counsel for defendants, claiming defendants refuse to
produce certain documents and that they have not provided
complete Rule 26(a) disclosures.  I shall resolve these issues by
a separate order in which I shall also address her subsequent,
nearly-identical motion to compel (see Plaintiff Pro Se's Notice
of Motion to Compel Discovery and Patent Discovery and Award
Plaintiff Rule 37 Sanctions, dated Aug. 27, 2014 (Docket Item
270)).

[4]The defendants' motions for Rule 11 sanctions will be
resolved in a separate Order.

2

v. Cowan, Liebowitz & Latman, P.C., 462 F. App'x 26 (2d Cir. 2012).  Familiarity with these decisions is assumed.

Plaintiff is a former employee of the law firm Cowan, Liebowitz & Latman, P.C. ("CLL").  Only two of plaintiff's claims from her Third Amended Complaint remain pending, namely her claims for attorney malpractice and breach of fiduciary duty in connection with a patent application that CLL was allegedly prosecuting on her behalf.  Gurvey v. Cowan, Liebowitz & Latman, P.C., supra, 462 F. App'x at 30.

After remand, plaintiff sought leave to file a Fourth Amended Complaint (Docket Item 109), which was withdrawn, and later sought leave to file a Fifth Amended Complaint (Docket Item 116), which I denied.  Gurvey v. Cowan, Liebowitz & Latman, P.C., 06 Civ. 1202 (LGS)(HBP), 2013 WL 3718071 at *5, *11 (S.D.N.Y. July 15, 2013) (Pitman, M.J.).  I subsequently granted defendants' motion for discovery sanctions against plaintiff (Docket Item 182) pursuant to Fed.R.Civ.P. 37 to the extent defendants' sought "(1) forfeiture of plaintiff's right to seek enforcement of her discovery requests that were the subject of my January 2013 Order and (2) attorney's fees and costs defendants incurred in making their motion" for sanctions, and I directed plaintiff to amend her initial disclosures to comply with Rule 26(a)(1). Gurvey v. Cowan, Liebowitz & Latman, P.C., 06 Civ. 1202

(LGS)(HBP), 2014 WL 715612 at *8 (S.D.N.Y. Feb. 25, 2014)
(Pitman, M.J.).

      Thereafter, defendants filed two motions, both dated
April 25, 2014, seeking Rule 11 sanctions against plaintiff.
Defendants first argue that plaintiff's motion for leave to file
a Sixth Amended Complaint (Docket Item 207) attempts to reassert
claims that I rejected in my July 15, 2013 Opinion and Order
(Docket Item 176) in which I denied plaintiff's motion to file a
Fifth Amended Complaint (Docket Item 223).  Defendants also move
for sanctions on the ground that plaintiff's motion for reconsid-
eration of my February 25, 2014 Opinion and Order (Docket Item
212) granting discovery sanctions lacks merit and contains false
statements (Docket Item 224).

      As noted above, plaintiff moves to stay defendants'
Rule 11 motions and cross-moves for an order disqualifying
defendants' counsel and various other forms of relief (Docket
Item 233).

III.  <u>Analysis</u>

    A.  Plaintiff's Motion to
       Stay Defendants'
       <u>Rule 11 Motions</u>

     In response to defendants' motions for Rule 11 sanc-
tions, plaintiff seeks a stay "pending adjudication of Plain-
tiff's parallel appeal to the Second Circuit" (Plaintiff Pro Se's
Notice of Cross-Motion Motion [<u>sic</u>] to Disqualify Hinshaw &
Culbertson, LLP; for a Stay Pending Adjudication of Plaintiff's
Parallel Second Circuit Appeal; to Compel Discovery; Award
Damagesand [<u>sic</u>] Sanctions Under NY's Judiciary Law§ [<u>sic</u>] 487,
Rules 11 & 37; and Punitive Damages for Bad Faith, dated May 11,
2014, (Docket Item 233) ("Pl.'s Notice of Cross-Motion") ¶ 22).
<u>See</u> <u>Weissbrod v. Gonzalez</u>, 576 F. App'x 18 (2d Cir. 2014) (the
"Gonzalez Action").[5]

     In the Gonzalez Action plaintiff alleged that state
judges and other officials violated her rights in disciplinary
proceedings that resulted in her suspension from the practice of
law in the State of New York for six months; she sought to vacate
the suspension order and the sanctions imposed upon her, as well
as unspecified damages.  576 F. App'x at 19.  The Honorable Jesse

---

    [5]Plaintiff commenced <u>Weissbrod v. Gonzalez</u> in her maiden
name, Amy R. Weissbrod.

M. Furman, United States District Judge, dismissed the action as barred by the Rooker-Feldman doctrine and on judicial immunity grounds and denied plaintiff's motion for reconsideration. 576 F. App'x at 19.  When plaintiff filed the pending motion for a stay, her appeal was pending.  Subsequently, the Circuit Court affirmed Judge Furman's decision.  576 F. App'x at 19-20.

Plaintiff argues that defendants' Rule 11 motions should be stayed "to prevent inconsistent judgments and any further prejudice to [her]" (Plaintiff Pro Se's Declaration in Support of Cross-Motion Motion [sic] to Disqualify Hinshaw & Culbertson, LLP; for a Stay of Defendants' Rule 11 Motion-in-Chief Pending Adjudication of Plaintiff's Parallel Second Cirucit [sic] Appeal; to Compel Discovery; Award Damagesand [sic] Sanctions Under NY's Judiciary Law§ [sic] 487, Rules 11 & 37; and Punitive Damages for Bad Faith, dated May 11, 2014, (Docket Item 234) ("Pl.'s Decl.") ¶ 22).  To support their motions for Rule 11 sanctions, defendants' counsel submitted Judge Furman's decision in the Gonzalez Action (see Docket Item 225) and argued that all previous disciplinary action by this Court and New York's state courts should be considered in determining the appropriate sanctions (see Memorandum of Law in Support of Rule 11 Motions for Sanctions Against Plaintiffs, dated Apr. 25, 2014, (Docket Item 226) at 2, 17-18).  Plaintiff appears to argue that because

6

defendants cite to Judge Furman's decision in support of their claims for Rule 11 sanctions, I should refrain from deciding the motions until the appeal from that decision is resolved.

Plaintiff's appeal in the Gonzalez Action was resolved on August 19, 2014 when the Court of Appeals affirmed Judge Furman's dismissal of plaintiff's complaint. See Weissbrod v. Gonzalez, supra, 576 F. App'x at 19-20. Thus, the predicate for plaintiff's motion no longer exists and plaintiff's motion for a stay is, therefore, denied.

B.   Plaintiff's Cross-Motion
     to Disqualify H&C as
     Counsel for Defendants

1.   Legal Standard for
     Motion to Disqualify

A motion to disqualify an attorney is committed to the discretion of the district court. Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994). "While New York law governs the profes- sional conduct of attorneys in this state, '[t]he authority of federal courts to disqualify attorneys derives from their inher- ent power to preserve the integrity of the adversary process.'" Air Italy S.p.A. v. Aviation Techs., Inc., No. 10-CV-20 (JG)(JMA), 2011 WL 96682 at *3 (E.D.N.Y. Jan. 11, 2011), quoting Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d

7

127, 132 (2d Cir. 2005).  The Second Circuit has held that "[a]lthough our decisions on disqualification motions often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules, . . . such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, supra, 409 F.3d at 132 (citations omitted); accord Solow v. Conseco, Inc., 06 Civ. 5988 (BSJ)(THK), 2007 WL 1599151 at *3 (S.D.N.Y. June 4, 2007) (Katz, M.J.).  "Disqualification is only warranted in the rare circumstance where an attorney's conduct 'poses a significant risk of trial taint.'" Decker v. Nagel Rice LLC, 716 F. Supp. 2d 228, 231 (S.D.N.Y. 2010) (Scheindlin, D.J.), quoting Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir. 1981).  However, "any doubt [with respect to whether disqualification should be ordered] is to be resolved in favor of disqualification." Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975) (citation omitted); accord Heyliger v. J.D. Collins, No. 3:11-CV-1293 (NAM/DEP), 2014 WL 910324 at *2 (N.D.N.Y. Mar. 10, 2014).

In view of their potential for abuse as a tactical device, motions to disqualify opposing counsel are subject to particularly strict scrutiny. Murray v. Metro. Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009), citing Lamborn v. Dittmer, 873

8

F.2d 522, 531 (2d Cir. 1989); accord Schatzki v. Weiser Capital
Mgmt., LLC, 10 Civ. 4685, 2013 WL 6189208 at *2 (S.D.N.Y. Nov.
26, 2013) (Sweet D.J.).  Courts are also reluctant to grant
motions to disqualify because they inevitably result in delay and
added expense.  Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d
Cir. 1983) (disqualification motions "inevitably cause delay"
(citation omitted)); D.R.T., Inc. v. Universal City Studios,
Inc., 02 Civ. 0958 (BSJ)(JCF), 2003 WL 1948798 at *2 (S.D.N.Y.
Apr. 24, 2003) (Francis, M.J.).  For these reasons, "the Second
Circuit requires a high standard of proof on the part of the
party seeking to disqualify an opposing party's counsel in order
to protect a client's right to freely choose counsel." Kubin v.
Miller, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992) (Kram, D.J.),
citing Gov't of India v. Cook Indus., 569 F.2d 737, 739 (2d Cir.
1978); accord Gurniak v. Emilsen, 995 F. Supp. 2d 262, 269
(S.D.N.Y. 2014) (Román, D.J.).

    2.  Advocate-Witness Rule

      Effective April 1, 2009, New York adopted the Rules of
Professional Conduct ("Rules"), which replaced the Code of
Professional Responsibility ("Code").  Rule 3.7(b) provides
guidance concerning when an entire firm should be disqualified
through imputation:

> (b) A lawyer may not act as advocate before a tribunal in a matter if:
>
> > (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client; or
> >
> > (2) the lawyer is precluded from doing so by Rule 1.7 or Rule 1.9.

22 N.Y.C.R.R. § 1200.0 (2009).

In the Second Circuit, motions that seek to disqualify an entire firm because an attorney with the firm may testify are subject to strict scrutiny. In <u>Murray v. Metro. Life Ins. Co.</u>, <u>supra</u>, 583 F.3d at 178, the Second Circuit analyzed Rule 3.7(b), stating that "[b]ecause the tribunal is not likely to be misled when a lawyer acts as advocate in a trial in which another lawyer in the lawyer's firm will testify as a necessary witness, [Model Rule 3.7(b)] permits the lawyer to do so except in situations involving a conflict of interest." <u>Murray v. Metro. Life Ins. Co.</u>, <u>supra</u>, 583 F.3d at 178, <u>quoting</u> A.B.A. Model Rules of Prof'l Conduct § 3.7 cmt. 5.  The Second Circuit held that "a law firm can be disqualified by imputation only if the movant proves by clear and convincing evidence that [1] the witness will provide testimony prejudicial to the client, and [2] the integrity of the judicial system will suffer as a result. This new formulation is consistent with our prior efforts to limit the tactical misuse of

the witness-advocate rule." Murray v. Metro. Life Ins. Co.,
supra, 583 F.3d at 178-79.

Rule 3.7(b) is similar to DR 5-102(B).[6]  DR 5-102(B)
addressed circumstances in which a lawyer or a member of the
lawyer's firm "may be called as a witness other than on behalf of
his client"; it provided that the lawyer "may continue the
representation until it is apparent that his testimony is or may
be prejudicial to his client." Lamborn v. Dittmer, supra, 873
F.2d at 531, quoting DR 5-102(B).  A party bringing a motion
under DR 5-102(B) "carrie[d] the burden to show both the neces-
sity of the testimony and the substantial likelihood of preju-
dice." Ragdoll Prods. (UK) Ltd. v. Wal-Mart Stores, Inc., 99

---

[6]
    [A]lthough the Canons of the Code of Professional
    Responsibility in the State of New York have been
    replaced with the newly implemented New York State
    Rules of Professional Conduct, . . . case authority
    interpreting the old canons continues to be probative
    on issues that are analyzed under the new rules,
    especially where (as with the applicable rules in the
    instant case) the new rule generally incorporates the
    substance of the old canons. See, e.g., Pierce &
    Weiss, LLP v. Subrogation Partners LLC, 701 F. Supp. 2d
    245, 251 (E.D.N.Y. 2010) ("Even though the Canons have
    been replaced by the New York Rules of Professional
    Conduct, the new rules still incorporate much of the
    substance of the old rules.  Therefore, much of the
    precedent interpreting the old rules still remains
    applicable." (citation omitted)).

Finkel v. Frattarelli Bros., 740 F. Supp. 2d 368, 372 (E.D.N.Y.
2010).

Civ. 2101 (DLC), 1999 WL 760209 at *2 (S.D.N.Y. Sept. 27, 1999)
(Cote, D.J.), citing Nat'l Union Fire Ins. v. L.E. Myers Co.
Grp., 937 F. Supp. 276, 281 (S.D.N.Y. 1996) (Kram, D.J.) and
Stratavest Ltd. v. Rogers, 903 F. Supp. 663, 667 (S.D.N.Y. 1995)
(Sweet, D.J.); see also Acker v. Wilger, 12 Civ. 3620 (JMF), 2013
WL 1285435 at *1 (S.D.N.Y. Mar. 29, 2013) (Furman, D.J.).

Testimony is deemed prejudicial where it is "suffi-
ciently adverse to the factual assertions or account of events
offered on behalf of the client, such that the bar or the client
might have an interest in the lawyer's independence in discredit-
ing that testimony." Murray v. Metro. Life Ins. Co., supra, 583
F.3d at 178 (inner quotation marks and citation omitted); accord
Acker v. Wilger, supra, 2013 WL 1285435 at *1; Creditsights, Inc.
v. Ciasullo, 05 Civ. 9345 (DAB), 2010 WL 2594038 at *2 (S.D.N.Y.
June 16, 2010) (Batts, D.J.).  DR 5-102(B) is implicated "where a
lawyer's testimony would contradict or undermine his client's
factual assertions." Lamborn v. Dittmer, supra, 873 F.2d at 531.

      3.  Application of the
          Foregoing Principles
          to the Present Case

Plaintiff cross-moves to disqualify H&C, attorneys for
the Cowan defendants, pursuant to New York Rules of Professional
Conduct 3.7(b)(1), claiming H&C attorney J. Richard Supple, Jr.

and at least one other H&C partner, Hal Lieberman, served as
committee member and chairman, respectively, of the Departmental
Disciplinary Committee of the Appellate Division, First Depart-
ment ("DDC") when plaintiff's "patent grievances against Cowan
defendants were unlawfully whitewashed along with the grievances
filed by other USPTO inventors in violation of equal protection"
(Pl.'s Notice of Cross-Motion, ¶ 1).  Additionally, plaintiff
claims that as a result of Lieberman and Supple's roles at the
DDC while her grievances were before it, Lieberman must testify,
which will prejudice the Cowan defendants, and that through
Lieberman and Supple's "double dealing and fail[ure] to disclose
their own inherent conflicts," they have obtained and used
plaintiff's confidential information to benefit the defendants
(Plaintiff Pro Se's Memorandum of Law in Support of Cross-Motion
for Disqualification and to Award Damages Under NY's Judiciary
Law§ [sic] 487 and Punitive Damages for Bad Faith, dated May 11,
2014, (Docket Item 236) ("Pl.'s Mem.") at 6-7).  Finally, plain-
tiff contends that defendants will not suffer prejudice as a
result of disqualification because "discovery has just begun"
(Pl.'s Notice of Cross-Motion, ¶ 2).

    Defendants argue that plaintiff's past disciplinary
complaints before the DDC are irrelevant to the merits of the
claims remaining in this case and that plaintiff has failed to

prove the need or the relevance of defense counsel's testimony
(Reply Memorandum of Law in Further Support of Rule 11 Motions
for Sanctions Against Plaintiff and Also in Opposition to Plain-
tiff's Cross-Motions to Disqualify Defendants' Attorneys, Impose
Sanctions, Compel Discovery, and to Stay Further Proceedings in
This Action, dated May 21, 2014 (Docket Item 240) ("Defs.' Reply
Mem.") at 4).  Moreover, Supple states in his declaration that he
did not work at the DDC after 1998, Lieberman did not work at the
DDC after 1999, neither were ever "committee members," any DDC
proceedings involving plaintiff occurred years after both left
the DDC and no H&C partners have access to confidential DDC
complaints (Declaration of J. Richard Supple, Jr. in Further
Support of Defendants' Rule 11 Motions and in Opposition to
Plaintiffs' Cross-Motions to Disqualify, Impose Sanctions, Compel
Discovery and For a Stay, dated May 21, 2014, (Docket Item 239)
("Supple Decl.") ¶¶ 3(a), (c), (d) & (f)).  Finally, defendants
argue that disqualification would be prejudicial because this
case is within its eighth year with over two hundred and seventy-
five docket entries to date (Defs.' Reply Mem. at 4).

          Plaintiff has failed to demonstrate that H&C should be
disqualified as defendants' counsel pursuant to Rule 3.7(b)(1).

          Because it is plaintiff, not defendants, who intends to
call Lieberman as a witness, plaintiff bears the burden of

demonstrating specifically "both that the lawyer's testimony is 'necessary' and that there exists a 'substantial likelihood that the testimony would be prejudicial to the witness-advocate's client[s]," namely, the Cowan defendants.  Acker v. Wilger, supra, 2013 WL 1285435 at *1 (emphasis added), quoting Finkel v. Frattarelli Bros., Inc., supra, 740 F. Supp. 2d at 373; see N.Y. Indep. Contractors Alliance, Inc. v. Highway, Rd. & St. Constr. Laborers Union 1010, No. 07-CV-1830 (ERK)(VVP), 2008 WL 5068870 at *3 (E.D.N.Y. Nov. 24, 2008).

Plaintiff has failed to show that the testimony of Lieberman, or any other H&C attorney, would be "necessary" with respect to any significant issue of fact regarding plaintiff's remaining claims for attorney malpractice and breach of fiduciary duty.  Plaintiff contends that Lieberman will testify to internal operations at the DDC during the time that her grievances were before it.  However, all of plaintiff's assertions concerning Lieberman's testimony consist of nothing more than conclusory statements regarding Lieberman's relationship to the DDC and that relationship's purported impact on plaintiff, without providing factual support for those allegations or explaining their rele-vance.  Moreover, defendants deny, and plaintiff has offered no proof, that either Supple or Lieberman were serving on the DDC, had influence over the DDC or had access to DDC complaint files

during the time plaintiff appeared before it.  Plaintiff's conclusory allegations, without more, are insufficient to meet the high burden of proof required for disqualification.  See Gormin v. Hubregsen, 08 Civ. 7674 (PGG), 2009 WL 508269 at *2 (S.D.N.Y. Feb. 27, 2009) (Gardephe, D.J.) ("The party seeking disqualification must bear a heavy burden of proof in order to prevail and mere speculation will not suffice." (internal quotation marks and citation omitted)).  Finally, even if plaintiff had established that proceedings before the DDC were relevant to this matter, plaintiff has failed to demonstrate that an H&C attorney would be the only available witness on this topic.  See Solow v. Conseco, Inc., supra, 2007 WL 1599151 at *4 ("The rule requires that a lawyer's testimony be necessary, not simply that it be the best evidence, and to that end, courts deem a lawyer's testimony necessary only if there [are] no other witnesses to the circumstances at issue." (internal quotation marks and citation omitted) (brackets in original)).

     Even if the testimony was deemed necessary, plaintiff has failed to demonstrate a substantial likelihood of prejudice to the Cowan defendants.  Instead, plaintiff focuses on the prejudice she will suffer if H&C is not disqualified and, again, offers only conclusory and speculative statements with respect to any prejudice to the Cowan defendants.  The plaintiff makes no

16

argument that Lieberman's testimony will be adverse to the defenses to the remaining claims, most likely because such testimony would be irrelevant to the defenses.  Accordingly, any testimony would not be prejudicial because it would have no bearing on the ultimate determination of the Cowan defendants' liability on plaintiff's claims for attorney malpractice and breach of fiduciary duty.  See, e.g., Finkel v. Frattarelli Bros., Inc., supra, 740 F. Supp. 2d at 378 (concluding there was no prejudice where testimony did not bear on the issues at trial).

Thus, plaintiff's cross-motion to disqualify H&C as defendants' counsel pursuant to Rule 3.7(b)(1) is denied.

C.  Plaintiff's Cross-Motion to
    Award Damages Pursuant to
    New York Judiciary Law § 487

Pursuant to New York Judiciary Law § 487, plaintiff seeks damages claiming H&C, Supple and other Cowan attorney defendants "engag[ed] in common law fraud and conspiracy to commit fraud before this Court," the USPTO and the DDC which she claims has "already caused erroneous sua sponte dismissal of Cowan defendants in 2009" (Pl.'s Notice of Cross-Motion, ¶ 5). Defendants have not formally opposed plaintiff's cross-motion for

damages, presumably because it is inappropriate to make the claim
for damages by motion.

      "Section 487 broadly provides for a private civil <u>cause
of action</u> for treble damages against lawyers who deceive any
party or the court." <u>Schweizer v. Mulvehill</u>, 93 F. Supp. 2d 376,
408 (S.D.N.Y. 2000) (Cedarbaum, D.J.) (emphasis added).  Section
487 provides, in pertinent part, that

> [a]n attorney or counselor who . . . [i]s guilty of any
> deceit or collusion, or consents to any deceit or
> collusion, with intent to deceive the court or any
> party . . . [i]s guilty of a misdemeanor, and in addi-
> tion to the punishment prescribed therefor by the penal
> law, he forfeits to the party injured treble damages,
> to be recovered in a civil action.

      Here, plaintiff's remaining claims do not include a
claim for damages pursuant to Section 487.  Moreover, plaintiff
has neither sought nor been granted leave to amend the complaint
to assert such claim.  Thus, there is no legal basis to grant
plaintiff the relief she seeks by motion.  <u>See</u>, <u>e.g.</u>, <u>Lindner v.
Am. Ex. Corp.</u>, 06 Civ. 3834 (JGK)(THK), 2009 WL 54493 at *1
(S.D.N.Y. Jan. 8, 2009) (Katz, M.J.) (denying Section 487 sanc-
tions where plaintiff neither asserted the claim in the complaint
nor sought leave to assert it).

      To the extent that plaintiff's motion for damages
pursuant to Section 487 could be construed as a motion for leave
to amend under Fed.R.Civ.P. 15(a), it is defective because it

does not include the proposed amended pleading.  See, e.g.,
Abercrombie v. Andrew College, 438 F. Supp. 2d 243, 275 (S.D.N.Y.
2006) (Karas, D.J.) ("[I]n making a motion for leave to amend,
plaintiffs must attach a proposed amended complaint so that the
Court and the opposing party has an opportunity to understand the
exact changes proposed."); accord Am. Tissue, Inc. v. Donaldson,
Lufkin & Jenrette Sec. Corp., 233 F.R.D. 327, 329 (S.D.N.Y. 2005)
(Lynch, then D.J., now C.J.); Jonas v. Rich, 02 Civ. 498 (BSJ),
2004 WL 1542231 at *2 (S.D.N.Y. July 8, 2004) (Jones, D.J.); 6
Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal
Practice & Procedure § 1485 at 688-89 n.3 (3d ed. 2010).  Thus,
the cross-motion for damages is denied.


     D.  Plaintiff's Cross-Motion
        to Impose Sanctions
        Pursuant to Fed.R.Civ.P. 11


     Pursuant to Fed.R.Civ.P. 11, plaintiff next seeks
sanctions against defendants' attorneys, claiming they have
"engag[ed] in fraud and frivolous litigation since 2006" (Pl.'s
Notice of Cross-Motion, ¶¶ 7-8).  Defendants argue that the
cross-motion is procedurally improper and meritless (Defs.' Reply
Mem. at 4-5).

     Pursuant to Fed.R.Civ.P. 11(c)(2),

> [a] motion for sanctions must be made separately from
> any other motion and must describe the specific conduct
> that allegedly violates Rule 11(b). The motion must be
> served under Rule 5, but it must not be filed or be
> presented to the court if the challenged paper, claim,
> defense, contention, or denial is withdrawn or appro-
> priately corrected within 21 days after service or
> within another time the court sets.

The mandatory procedural requirements of Rule 11 require that

plaintiff's motion for sanctions be filed separately from any

other motion and at least twenty-one days after serving defen-

dants. Carofino v. Forester, 450 F. Supp. 2d 257, 274 (S.D.N.Y.

2006) (Leisure, D.J.), citing Hadges v. Yonkers Racking Corp., 48

F. 2d 1320, 1328 (2d Cir. 1995).

Here, plaintiff has failed to file a separate motion

for Rule 11 sanctions, combining it with her motion opposing

defendants' Rule 11 motions and her cross-motion for various

other relief. Moreover, plaintiff's Rule 11 motion fails to

comply with the "safe harbor" provision of Rule 11 that requires

service on adverse counsel at least twenty-one days before filing

to enable adverse counsel to withdraw any sanctionable submis-

sion. Plaintiff claims that she served notice on counsel for

defendants more than twenty-one days prior to the May 12, 2014

docketing of her motion, stating her intent to file a motion for

Rule 11 sanctions if counsel did not withdraw their Rule 37 and

Rule 11 motions (Pl.'s Mem. at 2). Although defendants' Rule 37

20

motion[7] was docketed on March 27, 2013 (Docket Item 145), defendants' Rule 11 motions were not docketed until April 28, 2014 (Docket Items 223 & 224), meaning that, at best, plaintiff could have served defendant with notice, at most, fourteen days before filing her Rule 11 motion and her statement that she gave twenty-one days notice cannot be true.[8]  I need not reach plaintiff's substantive arguments because she has failed to comply with Rule 11's mandatory procedural requirements of separate filing and the "safe harbor" provision.  Thus, plaintiff's motion for Rule 11 sanctions is denied.

      E.   Plaintiff's Cross-Motion to
          Compel Payment of "Outstanding
          Fees Ordered by the Second Circuit"

     Plaintiff also seeks an order directing "defendants to pay Plaintiff's outstanding fees ordered by the Second Circuit" (Pl.'s Notice of Cross-Motion, ¶ 10).  In her memorandum of law supporting the motion (Docket Item 236), plaintiff makes no mention of her request for these fees, but in her declaration she

---

[7]I granted this motion in part and denied this motion in part.  See Gurvey v. Cowan, Liebowitz & Latman, P.C., supra, 2014 WL 715612 at *8.

[8]I calculated the days using the dates the documents were docketed on the Court's ECF system.  Even if I use the earlier signature date of defendants' Rule 11 motions (April 25, 2014), plaintiff's Rule 11 motion was filed only seventeen days later.

reiterates her request for an order to "pay all outstanding appeal fees and costs awarded" by the Court of Appeals (Pl.'s Decl. at 32).  Plaintiff never identifies the award of fees and/or costs to which she refers; she merely includes a single sentence requesting payment of unspecified fees in her notice of motion and declaration.

I assume plaintiff is referring to the Order issued by the Court of Appeals awarding plaintiff $377.36 in costs for the prior appeal of this matter (see Order, dated Dec. 18, 2012 (Docket Item 128)).  If the defendants have not already paid the award, the defendants are ordered to pay plaintiff $377.36 within fourteen (14) days from the date of this Opinion and Order.

IV.  Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion to stay defendants' motions for Rule 11 sanctions and plaintiff's cross-motions (1) to disqualify H&C as counsel for defendants, (2) to award damages pursuant to New York Judiciary Law § 487 and (3) to impose Rule 11 sanctions are denied (Docket Item 233).  As to plaintiff's cross-motion to compel payment of outstanding appeals fees, if defendants have not already paid the costs awarded by the Court of Appeals (Docket Item 128), the defendants are ordered to pay plaintiff $377.36 within fourteen

(14) days from the date of this Opinion and Order.  To the extent plaintiff requests that defendants pay the legal fees and costs associated with this motion, that motion is denied (Pl.'s Notice of Cross-Motion, ¶ 10).

I shall address plaintiff's cross-motions for the imposition of Rule 37 sanctions and to compel discovery in a separate order which will also address plaintiff's subsequent, nearly-identical motion (see Docket Item 270).

Finally, plaintiff is directed to cease listing Simon Gerson, Mark Montague and R. Lewis Gable as defendants in future filings in this matter.  These individuals were neither named in the Third Amended Complaint nor served with the complaint, and they are not parties to this action.

Dated:  New York, New York
        November 20, 2014

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

23

Copies transmitted to:

Ms. Amy R. Gurvey
315 Highland Avenue
Upper Montclair, New Jersey 07043

John R. Supple, Jr., Esq.
Hinshaw & Culbertson, LLP
780 Third Avenue
New York, New York 10017