USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
AMY GURVEY,                                    :
                           Plaintiff,   :
:     06 Civ. 01202 (LGS)
          -against-                          :
:     OPINION AND ORDER
COWAN, LIEBOWITZ & LATMAN, et al.,             :
                         Defendants.  :
:
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

By notice of motion filed September 29, 2014, pro se Plaintiff Amy Gurvey moves for reconsideration of the Court's September 2, 2014 oral opinion ("September Order") denying (1) her motion to remand the case to New York state court and (2) her motion for a certificate of interlocutory appeal relating to various discovery orders of Magistrate Judge Pitman ("Motion"). For the following reasons, the Motion is denied in its entirety.

## I.    BACKGROUND[1]

The September Order denied Plaintiff's motion to remand on three grounds: (1) remand is not an available procedural mechanism for a case that began in federal court; (2) Plaintiff's theory that subject matter jurisdiction had been destroyed since the commencement of the case ignored the well-established principle that subject matter jurisdiction is to be assessed at the time a Complaint is filed; and (3) the timing of Plaintiff's motion to remand, filed just three days after she was sanctioned by Judge Pitman, suggested that her intent in filing the motion may have been retaliatory. *See* Docket No. 275 (Transcript of Proceedings on September 2, 2014). The September Order denied Plaintiff's motion for a certificate of appealability on grounds that the

---

[1] Familiarity with the facts underlying this action, which have been detailed in numerous decisions in this action, is assumed.

decisions she sought to appeal – various discovery orders of Judge Pitman – are not the proper subject of an interlocutory appeal.  *Id.*

Plaintiff's Motion seeks reconsideration of the September Order, as well as other relief, including (1) "reinstatement" under Federal Rule of Civil Procedure 60(b)(6) of Defendants Clear Channel Communications, Inc. and Live Nation Inc., who were dismissed in 2009 for lack of personal jurisdiction, *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 06 Civ. 1202, 2009 WL 691056 (S.D.N.Y. Mar. 17, 2009); (2) sanctions, attorneys' fees and costs against Defendants and counsel; and (3) additional "severe sanctions" against Hinshaw & Culbertson, counsel for Defendant Cowan, Liebowitz & Latman.

Plaintiff does not include a memorandum of law with her Motion, but instead attaches a declaration consisting of eighteen numbered paragraphs, sixteen of which purportedly provide reasons for granting the Motion.[2]  Paragraphs 1-16 reargue Plaintiff's view of the merits of Judge Pitman's prior decisions, reassert arguments made in her motion to remand and motion for a certificate of appealability, and/or make additional arguments, some of which appear to relate to the merits of her case and some of which lack any apparent connection to her case.  In paragraph 17, Plaintiff asserts, without further explanation, that her motion for reconsideration relies on *Simon v. Hungary*, No. 10 Civ. 1770, 2014 WL 1873411 (D.D.C. May 9, 2014), and *Doe v. Constant*, 354 F. App'x 543 (2d Cir. 2009).  In paragraph 18, Plaintiff contends that the transcript recording the September Order is incomplete.

---

[2] Under Local Civil Rule 6.3, an affidavit may not be filed in support of a motion for reconsideration absent court authorization.  Plaintiff's declaration is equivalent to an "affidavit," and accordingly need not have been considered.  *See Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000).  This is not the first time Plaintiff has filed an unauthorized affidavit rather than a memorandum of law.  *See, e.g.*, Docket No. 279, at p. 4 (Decision on Motion for Reconsideration).  While the affidavit was taken into account here, future unauthorized affidavits will not be considered, and Plaintiff is directed to comply with all applicable rules when filing submissions.

II.   **STANDARD**

"The standards governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to Local Rule 6.3 are the same."  *ResQnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004)) (internal quotation marks omitted).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"A party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'"  *Wechsler*, 2004 WL 2210261, at *2 (quoting *Polsby*, 2000 WL 98057, at *1).  "The motion to reconsider cannot properly advance 'new facts, issues or arguments not previously presented to the court.'"  *Id.* (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

III.   **DISCUSSION**

Plaintiff's Motion fails in numerous respects.  As an initial matter, Plaintiff points to no "controlling decisions or data that the court overlooked."  The portions of the Motion that are relevant to the initial motion to remand and motion for a certificate of interlocutory appeal merely reiterate arguments already made and rejected by the September Order.  The two cases Plaintiff purports to rely on have no apparent relevance to Plaintiff's case, nor does Plaintiff offer an explanation for her choice of citations.  In *Simon*, the district court granted two motions to dismiss in a case brought by holocaust survivors against the Republic of Hungary, a Hungarian

3

national railway, and a railroad company. 2014 WL 1873411, at *1. In *Constant*, the Second Circuit affirmed a district court decision denying the defendant's motion to vacate a default judgment against him in an action under the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act, 28 U.S.C. § 1350. 354 F. App'x at 544.

In addition, Plaintiff seeks relief unrelated to reconsideration of the September Order, including sanctions against various Defendants and counsel and "reinstatement" of two Defendants who were dismissed in 2009. Such relief cannot be granted in the guise of a motion for reconsideration, which is not "a vehicle for advancing new theories that a party failed to articulate in arguing the underlying motion." *Cipollaro v. NYC Transit Auth.*, No. Civ. 8420, 2015 WL 110147, at *1 (S.D.N.Y. Jan. 3, 2015) (quoting *Fesco Ocean Mgmt. Ltd. v. High Seas Shipping Ltd.*, No. 06 Civ. 1055, 2007 WL 1406624, *1 (S.D.N.Y. May 9, 2007)) (citations omitted).

To the extent Plaintiff intended to file a separate motion under Federal Rule of Civil Procedure 60(b)(6) to void the 2009 judgment of this Court dismissing Clear Channel and Live Nation from this action, that motion is denied. "[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (citations and internal quotation marks omitted). Plaintiff has failed to articulate the basis for her invocation of Rule 60(b)(6), and such relief is plainly inappropriate here.

Finally, a review of the transcript reflecting the proceedings of September 2, 2014, reveals that the September Order was properly transcribed, contrary to Plaintiff's assertions.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED.  The Clerk of Court is directed to close the motion at Docket No. 277.

SO ORDERED.

Dated: January 28, 2015
       New York, New York

                                          **LORNA G. SCHOFIELD**
                                         **UNITED STATES DISTRICT JUDGE**