UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

AMY R. GURVEY,                      :

                    Plaintiff,      :     06 Civ. 1202 (LGS)(HBP)

     -against-                      :     OPINION
                                          AND ORDER
COWAN, LIEBOWITZ & LATMAN,          :
P.C., et al.,
                                    :

                    Defendants.     :
----------------------------------X

          PITMAN, United States Magistrate Judge:


I.   Introduction


          By notice of motion dated November 9, 2014 (Docket Item

281), plaintiff moved for an Order pursuant to 28 U.S.C. § 455

disqualifying me from this case on the ground of bias.  For the

reasons set forth below, plaintiff's motion is denied.


II.  Facts


          The facts underlying this action are set forth in a

number of opinions, including Gurvey v. Cowan, Liebowitz &

Latman, PC, 06 Civ. 1202 (BSJ), 2009 WL 1117278 (S.D.N.Y. Apr.

24, 2009), Gurvey v. Cowan, Liebowitz & Latman, P.C., 462 F.

App'x 26 (2d Cir. 2012) and Gurvey v. Cowan, Liebowitz & Latman,

P.C., 06 Civ. 1202 (LGS)(HBP), 2013 WL 3718071 (S.D.N.Y. July 15, 2013).  Familiarity with these opinions is assumed.

This action arises out of a dispute between plaintiff and the law firm that was formerly both her employer and her counsel.  For a brief period in 2002, plaintiff was employed as counsel by the firm of Cowan, Liebowitz & Latman, P.C. ("CLL").  CLL also represented plaintiff in connection with two provisional patent applications ("PPAs") that claimed inventions to edit, package and distribute recordings of live music events, as well as electronic ticketing methods related to the performances that would be captured in the recordings (Third Amended Complaint (Docket Item __ ("TAC") ¶¶ 28, 33).  For reasons that are not relevant here and that are in dispute, the relationship between plaintiff and CLL soured shortly after its inception, and plaintiff's employment terminated.  Nevertheless, according to plaintiff, CLL expressed a continued interest in the subject matter of plaintiff's claimed inventions and agreed to file provisional patent applications before the United States Patent and Trademark Office ("USPTO") (TAC ¶ 43).  On May 22, 2002 and May 24, 2002, CLL filed two patent applications with the USPTO naming the plaintiff as sole inventor and CLL as attorneys of record (TAC ¶ 44).  CLL later withdrew from representing plaintiff with respect

to one of her applications due to a conflict of interest (TAC ¶
50).

     Plaintiff subsequently read media stories which indi-
cated to her that other CLL clients were utilizing the technology
disclosed in her patent applications and which lead plaintiff to
conclude that CLL had improperly disclosed confidential informa-
tion concerning her inventions to other clients in violation of
its obligations to her.

     Plaintiff commenced this action in 2006, and the
pleading that is currently operative -- the Third Amended Com-
plaint -- originally alleged claims for misappropriation of
trade secrets, ideas, labor or skill, Sherman Act and state
antitrust violations, Lanham Act violations, interference with
prospective economic relations, tortious interference with
contract, legal malpractice, breach of fiduciary duty, and unjust
enrichment against CLL.  In 2009, the Honorable Barbara S. Jones,
United States District Judge (now retired), to whom the matter
was then assigned, granted defendants' motion to dismiss the
complaint in its entirety.  Gurvey v. Cowan, Liebowitz & Latman,
PC, supra, 2009 WL 1117278.  The Court of Appeals for the Second
Circuit affirmed Judge Jones' decision with respect to the
dismissal of all claims except plaintiff's claims for legal
malpractice and breach of fiduciary duty, Gurvey v. Cowan,

3

Liebowitz & Latman, P.C., 462 F. App'x 26 (2d Cir. 2012), and
remanded the matter for further proceedings concerning those
claims.  The matter was referred to me after the Court of Ap-
peals' decision.

        Plaintiff's current motion alleges a litany of pur-
ported misconduct by me that, according to plaintiff, demon-
strates "clear and unequivocal abuses of discretion in defiance
of Second Circuit remand order . . ." (Plaintiff Pro Se's Notice
of Motion to Disqualify Magistrate Pitman and Vacate Orders [28
USC §455], dated Nov. 9, 2014 (Docket Item 281) ("Plaintiff's
Notice of Motion"), at 1).[1]

        Specifically, plaintiff cites 23 instances of alleged
misconduct[2] by me that warrant recusal:

        1.  After the matter was referred to me and after
        plaintiff had allegedly been denied discovery for 6
        years, I failed to schedule a discovery conference
        until March 19, 2014.

        2.  In 2013, before there had been any determina-
        tion of liability, I failed to consider a competitive
        impact statement and a consent decree issued in a case

---

        [1]Notwithstanding the fact that the matter was not referred
to me until 2012, plaintiff claims I have been issuing orders
"contrary to the record" since 2006 (Plaintiff's Notice of Motion
at 1).

        [2]Plaintiff's descriptions of some her grievances are close
to being incomprehensible.  The statement of grievances set forth
in the text is based on my lenient interpretation of her
complaints.

pending in another district against a entities that are not parties here.

3.  I failed to adjudicate a motion from plaintiff to compel discovery that defendants have allegedly withheld unlawfully for eight and one-half years.

4.  "Magistrate has also failed to compel Plaintiff's discovery on the claims upheld but against other Cowan clients."

5.  I violated plaintiff's Due Process rights and abused my discretion by failing to record a conference held on January 3, 2013.

6.  I have failed to rule on unidentified discovery motions for 18 months which some how prevented an interlocutory appeal.

7.  I failed to disqualify defense counsel pursuant to the advocate witness rule.

8.  I abused my discretion by continuing to resolve motions submitted by defense counsel after their disqualification was mandatory.

9.  The sequence in which I resolved motions unfairly prejudiced plaintiff.

10.  I abused my discretion by not disqualifying defendants' counsel after plaintiff named a member of the firm as a defendant in a proceeding commenced under Article 78 of the New York Civil Practice law and Rules.

11.  I abused my discretion by not sanctioning two members of the firm representing defendants for "whitewashing" grievance she filed against Cowan.

12.  I abused my discretion by considering information "from outside this case."

13.  I abused my discretion by not ordering the return of plaintiff's files that were in the possession of a firm that previously represented plaintiff.

14.  I abused my discretion by failing to issue subpoenas on behalf of plaintiff to her own patent attorneys.

15.  I abused my discretion by failing to  adjudicate in a timely manner a motion to file a Sixth Amended Complaint that plaintiff claims was filed in 2013.  (The motion was actually filed in 2014 (Docket Item 207)).

16.  I abused my discretion by not taking judicial notice of a letter from the United States Patent and Trademark Office ("USPTO") allegedly relating to the location of plaintiff's patent prosecution files and an investigation of Cowan.

17.  I abused my discretion by not reconsidering an Order that I issued in July 2013 and by failing to take judicial notice of a notice from the USPTO's general counsel.

18.  I failed to sanction defense counsel for allegedly submitting altered patent evidence and tampering with the Court's files.

19.  I abused my discretion by failing to take judicial notice of a proceeding involving non-parties to this action which putatively demonstrates that the non-parties are utilizing technology plaintiff claims to have invented.

20.  I abused my discretion "by failing to compel document on Legend's patent work from Cowan after Plaintiff noticed the court that her damages connected therewith could not be ascertained without compelling discovery."

21.  I abused my discretion by imposing improper restrictions on plaintiff's discovery and jurisdictional discovery.

22.  I abused my discretion by making findings
that are contrary to the history of this matter and
contrary to my own prior orders.[3]

23.  I abused my discretion by not taking judicial
notice of unidentified notices issued by the USPTO that
were contrary to unidentified findings that I made.

(Plaintiff's Notice of Motion at 2-10).

III.  <u>Analysis</u>

Although all of plaintiff's specifications of alleged

misconduct are factually baseless, legally deficient[4] and some

are, themselves, based on misrepresentations of the record,

plaintiff's motion suffers from a more fundamental defect.  None

of the instances of misconduct specified by plaintiff, even if

true (and they are not), would constitute a legally sufficient

basis for disqualification.  All that plaintiff has alleged is

her dissatisfaction with my case management decisions and deci-

---

[3]Curiously, one of the "orders" that plaintiff cites as an
example of this alleged abuse of discretion is Docket Item 213.
However, Docket Item 213 is Plaintiff's Notice of Motion for
reconsideration of an Order that I issued on February 25, 2014;
it is not an Order of the Court.

[4]For example, plaintiff claims that I failed to take
judicial notice of several matters.  However, none of the matters
that plaintiff claims I failed to notice are judicially
noticeable.  <u>See</u> Fed.R.Evid. 201(b) ("The court may judicially
notice a fact that is not subject to reasonable dispute because
it:  (1) is generally known within the trial court's territorial
jurisdiction; or (2) can be accurately and readily determined
from sources whose accuracy cannot reasonably be questioned.").

sions on motions.  It is beyond question that such matters cannot
form a proper basis for a recusal motion.

Title 28 United States Code, Section 455(a) and (b)(1)
provide in pertinent part that "[a]ny justice, judge, or magis-
trate judge of the United States shall disqualify himself in any
proceeding in which his impartiality might reasonably be ques-
tioned," or "[w]here he has a personal bias or prejudice concern-
ing a party, or personal knowledge of disputed evidentiary facts
concerning the proceeding."  In assessing a motion for recusal,
the relevant inquiry is "whether an objective, disinterested
observer fully informed of the underlying facts, [would] enter-
tain significant doubt that justice would be done absent recusal,
or alternatively, whether a reasonable person, knowing all the
facts, would question the judge's impartiality."  <u>United States</u>
<u>v. Yousef</u>, 327 F.3d 56, 169 (2d Cir. 2003) (alteration in origi-
nal) (internal quotation marks omitted); <u>accord</u> <u>Dekom v. New</u>
<u>York</u>, 583 F. App'x 15, 17 (2d Cir. 2014).

However, in order to constitute a basis for recusal,
the alleged bias must have an extrajudicial source, <u>i</u>.<u>e</u>., the
claim must be based on something other than judge's in-court
rulings and case management decisions.

> [T]he fact that Plaintiff-Appellant and Appellants were
> unhappy with the district court's legal rulings and
> other case management decisions is not a basis for

8

> recusal, and under no circumstances justifies the
> utterly unsubstantiated allegations of racial and
> economic prejudice, dishonesty, senility, and fraud
> lodged against the district court. See In re Int'l
> Bus. Machs. Corp., 618 F.2d 923, 927 (2d Cir. 1980) ("'
> The alleged bias and prejudice to be disqualifying
> [under 28 U.S.C. § 455] must stem from an extrajudicial
> source and result in an opinion on the merits on some
> basis other than what the judge has learned from his
> participation in the case.'") (quoting United States v.
> Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16
> L.Ed.2d 778 (1966)).

Watkins v. Smith, 561 F. App'x 46, 47 (2d Cir. 2014); accord

S.E.C. v. Razmilovic, 738 F.3d 14, 29-30 (2d Cir. 2013) ("Accord-

ingly, recusal is not warranted where the only challenged conduct

'consist[s] of judicial rulings, routine trial administration

efforts, and ordinary admonishments . . . to counsel and to

witnesses,' where the conduct occurs during judicial proceedings,

and where the judge 'neither (1) relie[s] upon knowledge acquired

outside such proceedings nor (2) display[s] deep-seated and

unequivocal antagonism that would render fair judgment impossi-

ble.'"), quoting Liteky v. United States, 510 U.S. 540, 556

(1994); ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 107

(2d Cir. 2012); Weisshaus v. Fagan, 456 F. App'x 32, 35 (2d Cir.

2012); Gallop v. Cheney, 645 F.3d 519, 520-21; Chen v. Chen

Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir. 2009);

LoCascio v. United States, 473 F.3d 493, 495-96 (2d Cir.2007);

Smith v. City of New York, 14 civ. 2690 (NRB), 2015 WL 1539049 at

9

*2 (S.D.N.Y. Apr. 7, 2015) (Buchwald, D.J.);  see generally 1
Michael Silberberg, Edward M. Spiro & Judith L. Mogul, <u>Civil</u>
<u>Practice in the Southern District of New York</u> § 3:12 (2014-2015
ed.)

     The rational for this rule is simple.  No litigant is
entitled to prevail on a certain number or percentage of motions
in an action,  Each motion must stand or fall on its own merits,
and the merits of a particular motion are, necessarily, independ-
ent of the motions that precede it.  <u>See</u> <u>In re Int'l Bus. Machs.</u>
<u>Corp.</u>, 618 F.2d 923, 930 (2d Cir. 1980) ("There is no authority
for, and no logic in, assuming that either party to a litigation
is entitled to a certain percentage of favorable decisions.").
Moreover, if a recusal motion could be based on the number of
rulings adverse to a particular litigant, a party could force
recusal by making a string of frivolous motions and then pointing
to the string of denials as evidence of bias.

     Plaintiff has not cited any extrajudicial source of
bias on my part.  Her motion is, therefore, denied.

IV.  Conclusion

        Accordingly, for all the foregoing motions, plaintiff's

motion to have me recuse myself from this matter (Docket Item

281) is denied in all respects.

Dated:  New York, New York
        July 21, 2015

                                SO ORDERED

                                HENRY PITMAN
                                United States Magistrate Judge


Copies transmitted to:

Brian M. Dratch, Esq.
Franzlau Dratch, P.C.
Plaza One
354 Eisenhower Parkway
Livingston, New Jersey  07039

J. Richard Supple, Jr., Esq.
Hinshaw & Culbertson LLP
13th Floor
800 Third Avenue
New York, New York  10022