USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                 :
AMY R. GURVEY,                  :
                 Plaintiff,   :
                 :    06 Civ. 1202 (LGS) (HBP)
           -against-            :
                 :    **OPINION AND ORDER**
COWAN, LEIBOWITZ & LATMAN, P.C., et al.,:
                 Defendants. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Magistrate Judge Henry B. Pitman, to whom this matter has been referred for supervision of pretrial proceedings, issued a Report and Recommendation (the "Report"), dated July 24, 2015, recommending that: (1) Defendants Cowan Liebowitz & Latman, P.C., William Borchard, Midge Hyman, Baila Celedonia and J. Christopher Jensen's (collectively, "Defendants") motions for sanctions against Plaintiff Amy Gurvey under Federal Rule of Civil Procedure 11 be granted; (2) Plaintiff be sanctioned $20,000, payable to the Clerk of Court; and (3) this action be stayed until Plaintiff pays the sanction, and that, if Plaintiff fails to pay the sanction within one year, the action be dismissed with prejudice. For the reasons stated below, the Report is adopted in part and rejected in part.

## I. BACKGROUND

       The facts and procedural history relevant to the motions are set out in the Report and summarized here.

### A. Relevant Factual and Procedural History

       Plaintiff Amy Gurvey brought this action against her attorneys, Defendant Cowan Liebowitz & Latman, P.C. ("Cowan"), several partners of, and one associate employed by, Cowan (together with Cowan, the "Cowan Defendants") and various other defendants, alleging claims for, inter alia, misappropriation of trade secrets, unfair competition, breach of fiduciary

duty, attorney malpractice and violations of the Lanham Act.  In April 2009, the Third Amended Complaint was dismissed.  In February 2012, the Second Circuit affirmed the dismissal of most of Plaintiff's claims, but found that the Third Amended Complaint stated plausible claims for attorney malpractice and breach of fiduciary duty against the Cowan Defendants and remanded the case for further proceedings.  *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 462 F. App'x 26, 30 (2d Cir. 2012).  The mandate issued on March 12, 2012.

Plaintiff is a lawyer suspended from the practice of law in the State of New York.  In the three-and-a-half years since the Second Circuit mandate, Plaintiff has acted pro se except for a five-month period from April 7, 2015, to September 14, 2015.  During those years, she has done little to bring her claims to resolution.  Plaintiff has failed to comply with discovery orders, has resisted the taking of her own deposition and has filed a multitude of meritless motions and applications.

For instance, by Order dated July 15, 2013, Judge Pitman found that Plaintiff had violated:  (1) an Order dated October 10, 2012, by seeking discovery that far exceeded the scope of her malpractice and breach of fiduciary claims; and (2) an Order dated January 14, 2013, by failing to provide Judge Pitman with written explanations of how each of her discovery requests served on Defendants were relevant to her two claims for attorney malpractice and breach of fiduciary duty by the court-order deadline of January 17, 2013.  The July 15, 2013, Order denied Plaintiff's request for an extension of time, stating that Plaintiff's excuse that she was hospitalized for a couple months for health reasons were baseless as she continued to make numerous filings during that period.

Rather than pursuing her claims, Plaintiff has made the following applications, among others:  (1) permission to file a proposed fourth amended complaint, fifth amended complaint and

2

sixth amended complaint; (2) disqualification of Defendants' counsel; (3) an extension of time to effect service even though Plaintiff commenced the action in 2006; (4) reconsideration of orders and opinions; (5) remand to state court; (6) purported interlocutory review of Judge Pitman's decisions directly by the Second Circuit; (7) sanctions against Defendants; and (8) judicial recusal.

As a result, the docket sheet has grown by over 200 entries since this case was remanded by the Second Circuit over three years ago. Despite the size of the docket sheet, and a fact discovery deadline of September 19, 2014, this case has not proceeded to the summary judgment stage or trial.

### B. The Report and Subsequent Events

Defendants have moved for Rule 11 sanctions against Plaintiff, asserting that she filed (1) a frivolous motion for reconsideration of an order imposing Rule 37 sanctions on Plaintiff for failure to comply with her discovery obligations and two court orders; (2) a frivolous motion to file a proposed sixth amended complaint; and (3) a frivolous motion for disqualification of Judge Pitman. The Report found that each of these three submissions by Plaintiff violated Rule 11. The Report recommended sanctions of $20,000 payable to the Clerk of Court, a stay pending payment and dismissal of this case if the sanction was not paid within one year. The Report reasoned that such sanctions were appropriate because, inter alia, Plaintiff's conduct was willful; Plaintiff had engaged in a pattern of frivolous motion practice both in this case and in other unrelated cases; and sanctions of $8,783 and $5,700 imposed in unrelated proceedings had not dissuaded Plaintiff from continuing to engage in sanctionable conduct.

On August 7, 2015, Plaintiff -- briefly represented by counsel -- timely filed objections to the Report (the "Objections"). The Objections do not specifically address why the three

submissions do not violate Rule 11. Rather, the Objections assert that the procedural history of this case shows that Plaintiff's conduct has not been frivolous and was not intended to harm, harass or delay the proceedings.

On August 20, 2015, Defendants timely filed responses to the Objections (the "Responses"), stating the Objections should not be sustained and that the Report should be affirmed.

Proceeding pro se, on August 24, 2015, Plaintiff filed an interlocutory appeal with the Second Circuit challenging, among other things, two of the matters at issue on this sanctions motion -- Judge Pitman's decision denying Plaintiff's motion for recusal and her motion for leave to file a proposed sixth amended complaint.[1]

## II.   LEGAL STANDARD

### A.   Standard of Review

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Typically, the district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). But in the context of Rule 11, the Second Circuit has left open whether de novo review is required for a magistrate judge's recommendation of sanctions under Rule 11.

---

[1] Where, as here, a party files a frivolous interlocutory appeal, a district court is not divested of jurisdiction. *See United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996) ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on [the appeals court] the power to do nothing but dismiss the appeal.").

4

*Kiobel v. Millson*, 592 F.3d 78, 79-80 (2d Cir. 2010) (declining to decide "whether the District Judge applied the correct standard of review to the Magistrate Judge's determination that Rule 11 sanctions were warranted").  In an exercise of caution, the review below is de novo.

      **B.**      **Rule 11 Standard**

Rule 11 states that an attorney or pro se party who presents "a pleading, written motion, or other paper" to a court thereby "certifies" that to "the best of the person's knowledge, information, and belief," formed after a reasonable inquiry, the filing is:  (1) not presented for any improper purpose, such as to "harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) supported in facts known or likely to be discovered on further investigation.  Fed. R. Civ. P. 11(b).  "[A] court may impose an appropriate sanction on . . . a party that violated [Rule 11(b)] or is responsible for the violation."  Fed. R. Civ. P. 11(c).

"[T]he main purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or punish the offender."  *Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 103 (2d Cir. 2015) (quoting 5A Charles Alan Wright et al., *Federal Practice and Procedure* § 1336.3 (3d ed. 2004)).  For sanctions issued pursuant to a motion by opposing counsel, courts have held that an attorney or litigant "could be sanctioned for conduct that was objectively unreasonable."  *Muhammad v. Walmart Stores East, L.P.,* 732 F.3d 104, 108 (2d Cir. 2013).  "[D]istrict courts are given 'broad discretion' in creating Rule 11 sanctions," so long as the sanctions "fit within the confines of the rule."  *Universitas Educ.*, 784 F.3d at 103 (quoting *O'Malley v. N.Y.C. Transit Auth.,* 896 F.2d 704, 709 (2d Cir.1990)).

5

### III. DISCUSSION

Upon a de novo review of the record in this litigation, including the pleadings, the docket sheet, the parties' respective submissions filed in connection with the motions described in the Report, applicable legal authorities, the Report, the Objections and the Responses, the Court adopts the Report's findings, reasoning and legal support for concluding that Plaintiff violated Rule 11.  The Report's recommendations about the sanctions to be imposed are modified as discussed below.

#### A. Plaintiff Violated Rule 11

The Report correctly found that the following frivolous filings violated Rule 11: (1) Plaintiff's motion for reconsideration dated March 24, 2014 (the "Motion for Reconsideration"); (2) Plaintiff's motion for leave to file a proposed sixth amended complaint ("Motion to Amend"); and (3) Plaintiff's motion to disqualify Judge Pitman (the "Disqualification Motion").

##### 1. Plaintiff's Motion for Reconsideration

The Motion for Reconsideration violated Rule 11 as it lacked any factual or legal basis. "Rule 11 permits sanctions against a litigant who submits a pleading or motion that, evaluated 'under an objective standard of reasonableness, . . . [has] no chance of success and [makes] no reasonable argument to extend, modify or reverse the law as it stands.'"  *Smith v. Westchester Cnty. Dep't of Corr.*, 577 F. App'x 17, 18 (2d Cir. 2014) (quoting *Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994)) (affirming imposition of Rule 11 sanction for a frivolous motion for reconsideration); *accord Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748-49 (9th Cir. 1990) (affirming imposition of Rule 11 sanctions for frivolous motion for reconsideration); *Miller v. Norfolk S. Ry. Co.*, 208 F. Supp. 2d

6

851, 853-54 (N.D. Ohio 2002) (imposing Rule 11 sanctions for frivolous motion for reconsideration that "presented no basis on which it could, or should[,] have been granted"); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626-27 (S.D. Miss. 1990) (imposing Rule 11 sanction for frivolous motion for reconsideration that merely repeated arguments made in original motion). Applying an objective standard, a reasonable person in Plaintiff's circumstances would have known that the motion was baseless.

The Motion for Reconsideration lacked any chance of success. The motion asserted that Judge Pitman did not consider the evidence before him and found facts not supported by the evidence. In support, however, it relied on numerous factual misrepresentations, including that: (1) Judge Pitman admitted at a conference that he "only considered [Defendants'] papers but did not consider all [of] Plaintiff's relevant papers" in connection with a motion for sanctions, which is contradicted by the extensive discussion of Plaintiff's submissions in the relevant order; and (2) Defendants had been permitted to "reframe sanction arguments already rejected . . . [by] the Second Circuit," when the Second Circuit's decision did not discuss sanctions and the conduct being sanctioned occurred after the Second Circuit's decision. The motion also relied on numerous alleged instances of misconduct by defense counsel that were unrelated to the relief requested -- reconsideration of an order imposing Rule 37 sanctions on *Plaintiff* for failing to comply with court orders or with her discovery obligations. Accordingly, the Motion for Reconsideration violated Rule 11 as the legal arguments were frivolous, and the factual contentions were unsupported by any evidence.

Bringing the Motion for Reconsideration was objectively unreasonable because Plaintiff knew the standard for a motion for reconsideration. First, in April 2013, Plaintiff had been sanctioned for filing "repeated, unsupported requests for reconsideration" in an unrelated case.

*Gurvey v. Legend Films, Inc.*, No. 09 Civ. 942, 2013 WL 1883229, at *1 (S.D. Cal. May 3, 2013).  Second, on August 1, 2013, Plaintiff -- acting pro se -- filed a motion for reconsideration that included the legal standard for such a motion.  Finally, about one month before Plaintiff brought the Motion for Reconsideration, Judge Pitman's February 25, 2014, Order again stated the relevant legal standard in denying Plaintiff's motion for reconsideration not at issue here.  The February 25, 2014, Order also warned Plaintiff that further noncompliance with the Federal Rules of Civil Procedure could result in sanctions, including dismissal of the action.  By failing to heed Judge Pitman's warning and filing the frivolous Motion for Reconsideration, Plaintiff violated Rule 11.

### 2. Plaintiff's Motion to Amend

Plaintiff's Motion to Amend also violated Rule 11 because the proposed sixth amended complaint was duplicative of her proposed fifth amended complaint.  Rule 11 sanctions may be imposed when a proposed amended complaint "not only failed to correct legal deficiencies in plaintiffs' earlier amended complaints, but reasserted, without sufficient new factual allegations, numerous claims that [had been] dismissed, and asserted certain other claims without any substantive legal basis."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (imposing Rule 11 sanctions for proposed complaint that "merely retreaded claims previously dismissed"), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013).

By Decision and Order dated July 15, 2013, Judge Pitman denied Plaintiff's motion to file the proposed fifth amended complaint based on futility, failure to state a claim, undue delay and prejudice to defendants.  That order provided a detailed recitation of the relevant pleading standards and discussed the substantive law.  Judge Pitman then denied Plaintiff's motion to

8

reconsider that order. Plaintiff subsequently sought leave to file a proposed sixth amended complaint, asserting that it made new allegations based on facts disclosed by Defendants in their document production after the proposed fifth amended complaint had been rejected. But, as detailed in the Report and in Judge Pitman's Opinion and Order dated July 21, 2015, denying leave to file a sixth amended complaint, there is no material difference between the two proposed complaints.

Among other things, both proposed complaints allege: (1) Defendants failed to act competently in prosecuting Plaintiff's patent applications, causing her damages; (2) Defendants disclosed Plaintiff's confidential information to its clients; and (3) Defendants breached its obligations to Plaintiff by providing services to Legends Film to Plaintiff's detriment. The proposed sixth amended complaint was merely a restated and reorganized iteration of the proposed fifth amended complaint. Accordingly, the motion to file yet another amended complaint violated Rule 11.

### 3. Plaintiff's Disqualification Motion

The Disqualification Motion also violated Rule 11 because it contained numerous factual misrepresentations. As discussed in the Report and in Judge Pitman's Opinion and Order dated July 21, 2015, denying the Disqualification Motion, this motion incorrectly asserted, inter alia, that: (1) Judge Pitman denied Plaintiff discovery by failing to schedule a discovery conference until March 19, 2014, but conferences were held on October 9, 2012, and January 3, 2013, and, in any event, Judge Pitman decided various discovery motions on the papers; (2) Judge Pitman improperly considered information from outside this case; (3) Defendants' counsel supervised attorneys on the Departmental Disciplinary Committee in 2007 to obtain an unfair advantage in

9

this litigation; and (4) Defendants' counsel submitted "altered" evidence and "tamper[ed] with files in the public room." These frivolous allegations violate Rule 11.

### 4. The Objections

In arguing for a contrary result, the Objections make three arguments. First, the Objections assert that Plaintiff acted in good faith. Specifically, the Objections argue that Plaintiff "was 'over her head' in attempting to litigate this case herself" and had filed numerous motions in an effort to obtain discovery and move this case to a decision on the merits. This argument is unpersuasive. Rule 11 applies to pro se litigants. Fed. R. Civ. P. 11(b)-(c) ("[T]he court may impose an appropriate sanction on any attorney, law firm, *or party* that violated [Rule 11(b)] . . . .") (emphasis added); *see also Patterson v. Aiken,* 841 F.2d 386, 387 (11 Cir. 1988) (per curiam) ("[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Moreover, "[Plaintiff] is a lawyer and, therefore, [s]he cannot claim the special consideration which the courts customarily grant to *pro se* parties." *Harbulak v. Suffolk Cnty.,* 654 F.2d 194, 198 (2d Cir. 1981); *accord Fox v. Boucher*, 794 F.2d 34, 38 (2d Cir. 1986) ("When the litigant is an attorney sanctions are particularly appropriate."). Finally, Plaintiff had been warned that further noncompliance with the Federal Rules of Civil Procedure would result in sanctions, but failed to heed this warning. Accordingly, this argument fails.

Second, the Objections assert that this Court's March 19, 2013, Order divested Judge Pitman of any further jurisdiction. This is incorrect. This case was reassigned from the Honorable Barbara S. Jones, upon her retirement, to this Court on March 11, 2013, in effect advising that a new judge would be replacing Judge Jones on the case. The March 19, 2013,

Order did not withdraw the referral to Judge Pitman for general pretrial supervision, and Judge Pitman has continued to supervise general pretrial matters since that Order was entered over two years ago.  Accordingly, this argument is meritless.

Finally, the Objections allege that "Judge Pitman may not have the power to decide a motion to amend the complaint due to its dispositive nature."  This is incorrect.  The Second Circuit has considered and rejected a similar argument, finding that a "magistrate judge acted within his authority in denying [a] motion to amend the complaint."  *Marsh v. Sheriff of Cayuga Cnty.*, 36 F. App'x 10, 1 (2d Cir. 2002) (citing 28 U.S.C. § 636(b)(1)(A)).  Accordingly, this argument fails and the Report's finding that Plaintiff's Disqualification Motion violated Rule 11 is adopted.

### B. Nature of Sanctions Imposed

"Once a court determines that Rule 11(b) has been violated, it may . . . impose sanctions limited to what is 'sufficient to deter repetition of such conduct.'"  *Margo v. Weiss,* 213 F.3d 55, 64 (2d Cir. 2000) (quoting Fed. R. Civ. P. 11(c).  "District courts are given broad discretion in tailoring appropriate and reasonable sanctions." *O'Malley,* 896 F.2d at 709; *accord* 5A Charles Alan Wright et al., *Federal Practice and Procedures* § 1336.3 (3d ed.) ("[F]ederal courts retain broad discretionary power to fashion novel and unique sanctions to fit the particular case."). "[D]ismissal remains available directly under Rule 11 although it is reserved for the rare case involving extreme misbehavior by the offending party, such as fraud, contempt, and willful bad faith." *Id*.

The Report recommended -- and this Court agrees -- that significant monetary and non-monetary sanctions should be imposed because, inter alia, (1) Plaintiff's conduct has been willful; (2) prior sanctions of $5,700 and $8,783 in unrelated actions had not dissuaded Plaintiff from

11

engaging in frivolous motion practice; and (3) Plaintiff's actions in this litigation have unnecessarily delayed resolution of this case.

The Report's recommendation of a $20,000 sanction, however, is reduced to $10,000 to pay for a special master, as detailed below. The amount of $10,000 is reasonable and likely sufficient to pay a special master as discovery has closed and all that remains are dispositive motions, if any, followed by a potential trial. Review by the special master at Plaintiff's expense is necessary to deter Plaintiff from repeating the sanctionable conduct as Plaintiff has continued to file meritless applications and motions notwithstanding the close of discovery approximately one year ago. *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). To the extent that Plaintiff continues to make court submissions as she has in the past, review by a special master appears necessary to address pretrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge. *See* Fed. R. Civ. P. 53(a). Barring Plaintiff from filing further papers in this case, except as specified below, is necessary to deter repetition of Rule 11 violations, prevent further delay and bring this nine-year-old case to a resolution on the merits. Accordingly, the Report's recommendation is modified, and the following sanctions are imposed on Plaintiff:

(1) This case is stayed, unless and until $10,000 is deposited with the Clerk of Court.

(2) Plaintiff may deposit $10,000 with the Clerk of Court, and the Clerk of Court shall maintain the funds in an interest bearing account until further order of the Court.

(3) The funds shall be used to pay a special master appointed by the Court to (a) familiarize himself or herself with this case and (b) review Plaintiff's proposed filings to determine whether they are frivolous or otherwise patently improper.

12

(4) Plaintiff will receive the balance of the funds she deposited, if any, after this case is closed and all appeals have been exhausted.

(5) Plaintiff will be required to deposit additional funds on terms to be specified, if the original $10,000 is exhausted before the conclusion of the case.

(6) If the initial $10,000 deposit is not made within one year of the date of this Opinion and Order, then the case will be dismissed.

(7) Plaintiff shall submit all proposed filings to the special master and obtain a written statement from the special master as to whether the proposed filing is frivolous or otherwise patently improper ("Approval for Filing").

(8) Plaintiff's ECF filing privileges are revoked and she must make all filings through the Pro Se Office.

(9) Plaintiff may submit a proposed submission to the Pro Se Office for filing only if the submission is accompanied by an Approval for Filing.

(10) The Pro Se Office shall reject any proposed submission by or on behalf of Plaintiff that is not accompanied by an Approval for Filing. The Pro Se Office shall file on ECF any proposed submission by or on behalf of Plaintiff that is accompanied by an Approval for Filing.

## IV. CONCLUSION

For the foregoing reasons, the Report's recommendation that Plaintiff be sanctioned by requiring her to pay $20,000 to the Clerk of Court is REJECTED, and the sanctions outlined in

numbered paragraphs 1 through 10 above are imposed.  The remainder of the Report is

ADOPTED.

The Clerk of Court is respectfully directed to close Docket Numbers 223, 224 and 294.

SO ORDERED.

Dated: September 17, 2015
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**